CHARLES E. BROWN vs. CHARLES E. WOODWARD ET UX.

Third Judicial District, New Haven, June Term, 1902.
TORRANCE, C. J., BALDWIN, HAMERSLEY, HALL and PRENTICE, Js.

A general denial constitutes a waiver of defects in the complaint or bill of particulars which might have been reached by motion in the trial court.

A bill of particulars for "$500 advanced, loaned and found due to the plaintiff, and owed by the defendants to the plaintiff, as evidenced by a note" (describing it), sets forth a right of action for money loaned and advanced, and not an action upon a note.

In such an action the plaintiff claimed that the defendant's wife, acting as his agent, secured the money from the plaintiff by assigning to him a non-negotiable note executed by the defendant. *Held* that, as tending to prove one step in the plaintiff's case, the note was admissible, coupled with proof that the signature was that of the defendant.

A witness for the plaintiff testified that he acted as a broker for the defendant's wife, and that he obtained the money from the plaintiff and turned it over to her. *Held* that this evidence was properly admitted, provided evidence was offered that she acted as the defendant's agent in the transaction.

As tending to prove agency, evidence that the alleged agent was the wife of the principal is admissible.

When a witness testifies from inspection of a signature that it is not his, his ability to identify his own handwriting is a proper subject of cross-examination. For that purpose he may be asked whether other signatures shown to him and purporting to be his, are genuine, and is not entitled, as a matter of right, to see the documents to which they are attached. The trial court, however, should always see to it that the witness has a fair opportunity to examine the signatures fully, before being required to answer.

Notwithstanding an ambiguous or even erroneous instruction, a new trial will not be granted upon that ground if it is apparent from other portions of the charge that the jury could not have been misled.

Section 746 of the General Statutes, Rev. of 1902, provides that if by mistake a judgment is rendered for " a larger sum than is due," the excess may be remitted. *Held* that a judgment for an amount in excess of that claimed in the *ad damnum* clause might be corrected under the statute.

When this is done the judgment file should state that the judgment was amended and the amount to which it was remitted.

Argued June 6th—decided October 7th, 1902.

ACTION to recover money claimed to have been loaned to one of the defendants through the agency of his wife, the other defendant, brought to the City Court of New Haven, and tried to the jury before *Bishop, J.;* verdict and judgment for plaintiff, and appeal by one of the defendants, Charles E. Woodward, for alleged errors in the rulings and charge of the court. *No error.*

The case is sufficiently stated in the opinion.

*James H. Webb,* with whom was *Arnon A. Alling,* for the appellant (defendant).

*Charles S. Hamilton,* for the appellee (plaintiff).

HALL, J. Upon the trial of this case to the jury, the plaintiff claimed to have proved that the defendant Flora H. Woodward, acting as the agent of her husband, the defendant Charles E. Woodward, on the 3d of September, 1897, through the agency of a broker, one McIntosh, procured

from him, the plaintiff, the sum of $475, by indorsing and delivering to him a non-negotiable promissory note for $500, payable to herself, and signed by her husband. The said Flora H. Woodward made no defense to the action. Defendant Charles E. Woodward claimed to have shown that he did not sign the note in question, and that he neither authorized his wife to procure the money of the plaintiff, nor knew of her having procured it until a short time before this suit was brought, and that he received no part of the money so procured by her.

The original complaint, dated December 30th, 1898, contained only the common counts, and demanded $490 damages. On April 1st, 1901, the plaintiff filed the following bill of particulars : —

" Defendants, to Plaintiff, Dr.

1898, Mar. 3. To $500 advanced, loaned, and found due to the plaintiff, and owed by the defendants to the plaintiff, as evidenced by note dated January 6th, 1896, payable on demand for value received to defendant, Flora H. Woodward, with interest at six per cent, payable semi-annually, and signed by the defendant, Charles E. Woodward, and indorsed by Flora H. Woodward. . . . . . $500

Cr.

1898, Dec. 26. By cash, $50

" " Interest paid on same to July 1st, 1898."

The granting of the plaintiff's motion to file this bill of particulars is one of the defendant's reasons of appeal.

The objection made in this court, to the allowance of the bill of particulars, seems to be that it purports to describe a right of action in the plaintiff as assignee of a non-negotiable chose in action ; that none of the common counts is a general statement of such cause of action ; and that neither the complaint nor bill of particulars contains the averment required by statute (Rev. 1902, § 631), that the plaintiff is the actual and *bona fide* owner of such chose in action, and of when and how he acquired title thereto.

It does not appear by the record that any objection was made in the trial court to the allowance of the bill of particulars. If the defendant Charles E. Woodward desired to have the statement concerning the note stricken from the bill of particulars, or to have the plaintiff state more clearly whether his claim was upon the note, or for money loaned or advanced, and if for money loaned or advanced, to have him set forth more fully the facts showing the claimed indebtedness of said defendant, he had his remedy by motion in the trial court before filing his answer. He appears by the record to have waived such defects by filing an answer denying the truth of the matters contained in the "complaint and bill of particulars," without having first moved to have the bill of particulars corrected or made more specific. *Plumb* v. *Curtis*, 66 Conn. 154, 165.

Although the bill of particulars states that the indebtedness of the defendants is evidenced by the note described, it also expressly says that the defendants are indebted to the plaintiff in the sum of $500 for that sum advanced and loaned. The trial court committed no error in interpreting the bill of particulars as describing a right of action against both of the defendants for money loaned or advanced to them by the plaintiff, and as not stating a right of action upon the note.

Upon the trial the plaintiff offered the note in evidence, with testimony showing that the signature thereto was that of the defendant Charles E. Woodward. To this evidence said defendant objected, upon the ground that the action was not upon the note; that the complaint did not allege that the plaintiff was the actual and *bona fide* owner of the note, and when and how he acquired title thereto, and that the note itself, being non-negotiable, was not evidence of money loaned by the plaintiff to said defendant, or of money had and received by him from the plaintiff.

It does not follow from the fact that this suit is not an action upon the note, and that a non-negotiable note is not of itself an acknowledgment, or evidence of an acknowledgment, by the maker, that he has borrowed money from, or received money from or for, the assignee of such note, that proof that

Mr. Woodward signed the note, and that the note itself, should not have been received in evidence.

If Mr. Woodward, through the agency of his wife, assigned his own note to the plaintiff, and procured this money from him, the plaintiff had a right of action against him for money loaned or advanced, or money had and received, without declaring upon the note or alleging that he was the assignee of a chose in action. Whether Mr. Woodward did so act was largely a question of fact for the jury. The plaintiff sought to prove every act of Mr. Woodward in the entire transaction which might have any legitimate bearing upon that question. The plaintiff apparently claimed that Mrs. Woodward was not in this transaction, simply selling a right of action which she owned against her husband, but that Mr. Woodward made this note and delivered it to her for the sole purpose of enabling her to borrow money for him, and that in transferring the note and obtaining the money from the plaintiff she was carrying out that purpose. The plaintiff was entitled to prove these facts if he could. Naturally, the first step in his proof was to show that Mr. Woodward signed the note, and so gave his wife the means of obtaining the money. That that act did not as a matter of law render him liable in this action was not a sufficient reason why, with proper instructions to the jury as to its effect, it might not be proved, in view of the claims of the parties, as a circumstance tending, with other proved or claimed facts, to show Mr. Woodward's participation in the transaction of obtaining the money from the plaintiff. It is to be remembered that Mr. Woodward denied his liability, not upon the ground that his wife having merely assigned to the plaintiff a note which he had executed and delivered to her for a consideration, he could only be holden in an action upon the note itself, but upon the ground that he had, as he in effect testified, no connection whatever with the transaction of obtaining money on this note, and that the note itself was a forgery. The jury under the instructions given them, to which we shall refer later, must have found this testimony of Mr. Woodward to be untrue, and that he signed and delivered this note to his wife for the purpose of

having her obtain money on it for his use, and must have reached the conclusion that Mrs. Woodward was acting by his authority, not from the fact alone that Mr. Woodward signed the note, but from that fact in connection with other evidence.

It appears from the record that some other evidence bearing upon that question was presented. We cannot say that the other evidence before the jury, considered in connection with the fact that his signature to the note, which he denied was genuine, was not sufficient to justify the verdict rendered. We have not all of the evidence before us, and no appeal was taken from the decision of the trial court denying the defendant's motion for a new trial for verdict against evidence.

There was no error in admitting proof of the fact that Mr. Woodward signed the note, as one of the circumstances connecting him with the transaction of obtaining the money, nor, such proof having been received, in admitting in evidence, as a part of the transaction of obtaining the money, the note by the transfer of which the money was procured from the plaintiff.

It was clearly right for the trial court to allow plaintiff's counsel to ask defendant Charles E. Woodward upon cross-examination if Flora H. Woodward was not his wife, and living with him at the time of the transaction in question. The witness had just testified that he had not seen the note until it was produced at the trial, and that he received no part of the money obtained from the plaintiff, and had no knowledge of the payments made upon the note. The questions asked on cross-examination were well calculated to show facts, which, unexplained, might naturally lead one to question the correctness of the statements made upon the direct examination.

The court also correctly ruled and instructed the jury that said facts, though not conclusive, were circumstances to be considered in determining whether Mr. Woodward by his agent procured this money. The acts of his wife would more readily be supposed to have been with his knowledge

and authority than would those of a stranger. "An agency or assent may be, and often is more readily presumed from the acts and condition of a wife, than in ordinary cases." *Shelton* v. *Pendleton*, 18 Conn. 417, 422.

In cross-examining Mr. Woodward upon his statement that he had received none of the money in question, plaintiff's counsel was permitted, against defendants' objection, to inquire of him respecting his deposits in the Yale National Bank at about the time the money was advanced by the plaintiff, and as to a deposit in said bank of $2,150 within two weeks thereafter. The defendant upon redirect examination testified as to the source from which said funds came. We have before us neither the questions objected to, nor the answers of the witness. They may have been very pertinent to the question of whether the money paid by the plaintiff formed part of these deposits. Certainly we cannot say they were erroneously received.

Against the defendant's objection that it was irrelevant, the court admitted the testimony of plaintiff's witness McIntosh, that he acted as a broker for Mrs. Woodward in obtaining the money from the plaintiff, and that he paid the money to her. The relevancy of these facts depended upon proof that Mrs. Woodward was acting in the transaction by authority of her husband. Counsel for plaintiff appears to have claimed that *prima facie* proof of such agency had already been presented. Whether the evidence was admitted for that reason, or upon the ground that the agency would afterwards be proved, there is no apparent error in the ruling. The evidence was admitted to be considered by the jury only upon proof from other evidence that Mrs. Woodward was "agent for her husband in that transaction." It cannot fairly be said that by the statement made in admitting this evidence—that before the jury could consider it "they must find from prior evidence" that Mrs. Woodward was the agent of her husband—the court gave the jury to understand that the prior proof that Mrs. Woodward was the wife of Charles E. Woodward made her in law his agent in this transaction, or that from that fact the jury must find that she was such agent. The

court charged the jury that proof of the marriage was not conclusive evidence of the claimed agency, and that there was no presumption in such a transaction that the wife was acting as the agent of her husband.

Charles E. Woodward having testified, as before stated, that the signature upon the note was not his, counsel for plaintiff upon cross-examination showed him a board, upon which were various written instruments signed with his name, and over which instruments a paper was so placed that only the signatures were visible, and against the objection of the defendant that the witness should be permitted to see documents to which the signatures were attached, allowed plaintiff's counsel to inquire as to the genuineness of the several signatures. The finding states that "the witness testified that some of the signatures were genuine and some were not," and that the paper having been removed in the presence of the court and jury the witness was again inquired of as to the genuineness of each signature, and that some of the signatures he admitted to be genuine, some he denied."

It does not appear that the witness testified differently, after having seen the documents to which the signatures were attached, than before he had seen them, or that it was claimed by any one that on either occasion he failed to point out the genuine signatures; nor does it appear that these signatures were laid in evidence. The witness having testified, apparently from an inspection of the signature to the note, that it was not his handwriting, his ability to identify his own handwriting was a proper subject of cross-examination. If, for that purpose only, he was asked if certain signatures, other than that upon the note, were his, he was not entitled as a matter of right, or of fair treatment, to see the documents to which they were attached, before answering. When a witness may properly be thus asked whether various signatures shown him are genuine, the trial court should always see to it that he has a perfectly fair opportunity to fully examine them, before being required to answer. Just how the documents upon which the signatures are attached should be shown to the witness is largely a matter of discretion

with the trial court.   While we express no approval of the
method permitted in the present case, we are unable to say
from the record that such discretion was improperly exercised,
or that the defendant could have been prejudiced from the
manner in which the examination was conducted.

It is claimed that the trial judge instructed the jury, in
effect, that proof that Charles E. Woodward signed the note
in question was, without proof of the claimed agency of
Mrs. Woodward, sufficient evidence of his indebtedness to the
plaintiff, by the following language of the charge: "If the
jury find that the defendant executed and delivered the note
in suit for value received, and delivered the same to Flora H.
Woodward, the other defendant, and that she indorsed it,
and delivered it through the broker, McIntosh, to the plain-
tiff for $475, as testified to by him, this is evidence from
which the jury may find that the defendant had and received
money for which he is indebted to the plaintiff, and is evi-
dence that the defendant owed money to the plaintiff."

Taken by itself, and as the language of the court, this
statement furnishes some support for the defendant's conten-
tion.   But it seems from the finding that the judge made the
above statement as the language of one of the requests to
charge, in accordance with which requests, as modified by
him, he was instructing the jury, and that he modified the
statement of law as contained in this request, by the words
which immediately follow it—"Not conclusive, gentlemen,
but it is evidence for you to consider in connection with the
matter."

That the trial judge did not intend to tell the jury that
the defendant Charles E Woodward might be held liable
from the sole fact that he signed the note, without proof that
Mrs. Woodward was his agent in the transaction, is also
shown by the statement made later in the charge: "This is
not an action upon a promissory note.   Even if you should
find upon all of the evidence that the signature to the note
. . . was the genuine signature of the defendant, the plain-
tiff cannot recover from the defendant Charles E. Woodward,
unless you find that the plaintiff in fact loaned or advanced

the sum of $475 to the defendant Charles E. Woodward, or some one authorized by him, and that this defendant, or some one authorized by him, actually had and received that sum from the plaintiff." Again, after the jury had retired and returned for further instruction, the foreman asked the direct question: "If the jury decide that the signature of the note is genuine, is it necessary for them to give a verdict for the plaintiff?" The court replied that it was necessary for them to find that the money was loaned or paid to or for the defendant, before they could render such verdict; that the action was not upon the note, but that the note was evidence to be considered in connection with the other evidence in the case. It is not to be supposed that after these instructions the jury could have understood that, from the fact alone that Charles E. Woodward signed the note, they might find that he authorized his wife to procure the money for him, and that he so became liable to the plaintiff.

The verdict rendered exceeded the amount demanded in the *ad damnum* clause by $1.18, and on the following day said Charles E. Woodward moved that for that reason it be set aside. This motion having been denied, judgment was rendered for the amount of the verdict, and on the day after said judgment was rendered, the plaintiff in writing remitted said $1.18, and moved that the judgment be amended by reducing it to the amount claimed in the *ad damnum* clause, which motion was granted.

In charging the jury as to the amount of their verdict the court should have told them that it should not exceed the sum demanded in the *ad damnum* clause. But the defendant had no reason to complain, since the court under the provisions of § 1119 of the General Statutes (Rev. 1902. § 746) properly corrected the mistake by amending the judgment after the *remittitur* was filed. Within the meaning of the statute a judgment for a larger sum than that claimed to be due by the *ad damnum* clause is just as much a judgment for " a larger sum than is due," as is a judgment for a larger sum than that proved to be due.

The judgment file is incorrect. It should state that the

judgment was amended by order of court, and the amount to which it was remitted.

There is no error.

In this opinion the other judges concurred.