FRANK P. CLARK *vs.* ELIZA C. MACDERMOTT, ADMINIS-TRATRIX.

Third Judicial District, Bridgeport, October Term, 1909.

BALDWIN, C. J., HALL, PRENTICE, THAYER and RORABACK, Js.

A finding will not be corrected if there is sufficient evidence to support it.

Because of his mistaken belief that a receipt given by him did not discharge any portion of his claim, the plaintiff in presenting his bill against the estate of a decedent credited it with the value of a piece of land which the decedent had conveyed to him as a gift. *Held* that inasmuch as there was no purpose to mislead and no apparent prejudice to the estate, the plaintiff was not thereby estopped from proving the real situation.

Interest is recoverable on a claim presented against an estate from the date of its disallowance by the administrator.

Submitted on briefs November 3d—decided December 17th, 1909.

ACTION to recover for medicines and medical services, and for moneys expended for the benefit of the defendant's

intestate, brought to and tried by the Court of Common Pleas in Fairfield County, *Scott, J.;* facts found and judgment rendered for the plaintiff for $280, from which the defendant appealed. *No error.*

*William H. Cable,* for the appellant (defendant).

*Samuel Tweedy* and *J. Moss Ives,* for the appellee (plaintiff).

THAYER, J. The court found in the defendant's favor upon the second count of the complaint. It also sustained the defendant's demurrer to the first reply to her third defense to the first count, whereby that defense became effective as a bar to the plaintiff's recovery upon that count for any item of his bill of particulars dated prior to January 16th, 1905, the date of the receipt in full which was pleaded in bar. The court has found that the services described in the subsequent items were rendered by the plaintiff and were of the value charged, and no question is raised upon this part of the finding.

The defendant in her answer pleaded payment, and that her intestate deeded to the plaintiff a lot of land in Danbury, equal in value to the services rendered subsequent to the date of the receipt, in payment and satisfaction for those services. The court has found that such conveyance was made, but that, as pleaded by the plaintiff in his reply, the conveyance was a gift and was not given or received in payment of the debt.

It is claimed in behalf of the defendant that this finding was made without evidence, and we are asked to correct it. An examination of the evidence shows that there was ample to support the finding, and the correction therefore cannot be made. *Hourigan* v. *Norwich,* 77 Conn. 358, 368, 59 Atl. 487. The plaintiff, in presenting his claim to the defendant against the intestate's estate, credited $250

upon his bill as "allowed for lot," which it is found was the value of the lot. The part of the bill which was barred by the receipt amounted to $244.50, and it is found that no payment was made in return for the receipt. The credit of $250 was made by the plaintiff under the belief that the receipt did not discharge any portion of his claim, and because he did not wish to receive from the estate more than the amount of his bill less the value of the lot. The defendant claimed that by so presenting his bill, with the value of the lot credited, the plaintiff was estopped to claim that the lot was a gift. The facts show no ground for such an estoppel. There was no purpose to mislead the defendant by so presenting the claim, and it does not appear that the defendant was misled or prejudiced by it.

Interest was properly allowed on the claim, as damages for the detention of the money after the claim had been disallowed.

There is no error.

In this opinion the other judges concurred.