ANTHONY F. GARGAN vs. CHARLES HARRIS.

First Judicial District, Hartford, January Term, 1916.
PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

Unless the conclusions of fact reached by the trial court appear upon the evidence to be unreasonable, the finding as made will not be corrected by this court upon appeal.

Want of precision in alleging the cause of personal injuries for which a recovery is sought, is waived by voluntarily proceeding to a trial of the case upon its merits. Such defects of pleading, moreover, are cured by verdict, upon the theory that the facts not specifically alleged are presumed to have been proven upon the trial.

An inadequate or defective statement of a statutory cause of action, if unquestioned until after a trial upon the merits, will not be permitted to defeat a recovery by the plaintiff, provided it is plain—as in the present case—that the pleader relied upon the statute and that a full and complete cause of action was established by the evidence upon the trial.

Argued January 6th—decided March 15th, 1916.

ACTION to recover damages for personal injuries sustained in a rear-end collision upon a highway at night, which was alleged to have been caused by the defendant's negligence in failing to carry a light upon his wagon, brought to and tried by the Superior Court in Hartford County, *Burpee, J.;* facts found and judgment rendered for the plaintiff for $2,250, and appeal by the defendant. *No error.*

*Francis W. Cole,* for the appellant (defendant).

*William E. Egan* and *John Buckley,* for the appellee (plaintiff).

RORABACK, J.  The plaintiff alleges in his complaint, first, that on the night of October 24th, 1914, the plaintiff was traveling along a highway between the towns of Simsbury and Hartford, and while so traveling, upon approaching a lighted wagon, he turned to the left to avoid such wagon, and after having passed this lighted wagon and turning to the right he collided violently with a wagon, driven along this highway by the defendant, which wagon was without any light; and second, that at the time of the happening of this accident the plaintiff was operating a motor-cycle, and was in the exercise of due care, and the collision and the results thereof were wholly caused by the negligence of the defendant in so driving upon the highway an unlighted vehicle at a point where the highway is not lighted by any municipality, and in fact is absolutely without any artificial light.

The finding of the trial court fully sustains these alleged facts.

The defendant, however, contends that the finding relating to the second paragraph of the complaint and the conclusions of the court upon this subject, are not warranted by the evidence, and we are asked to correct the finding by striking out several paragraphs which relate to this matter.  An examination of the evidence which is before this court under § 795 of the General Statutes, shows that there was evidence from which the court could have reasonably reached the conclusions complained of.  It necessarily follows that the motion to correct is denied.

One question presented by the reasons of appeal is

whether or not the plaintiff, in order to recover, must prove that the defendant was negligent at common law, in failing to have a light upon his wagon at the time and place of the accident. The consideration of this question is involved in the examination of another claim made by the defendant, that the court erred "in ruling that the plaintiff, upon the allegations of his complaint, was entitled to judgment because of any neglect by the defendant to perform his statutory duty to carry a light upon his wagon."

An Act relating to driving on highways, passed in 1913, provided: "All vehicles other than motor vehicles, having springs or rubber tires, while in use in the public streets and highways, except highways or portions thereof lighted all night by any municipality, shall show, from one hour after sunset until one hour before sunrise, a light or lights so placed as to be visible from the front and rear of such vehicle. Such light or lights shall be of sufficient illuminating power to be visible at a distance of two hundred feet. Any person driving or directing any such vehicle upon a public street or highway between the hours aforesaid, without a light, as herein prescribed, shall be fined not more than five dollars." Public Acts of 1913, Chap. 136, p. 1734. The plaintiff does not allege, in the language of the statute, that the defendant's wagon had springs or rubber tires, or that the accident occurred an hour after sunset or before sunrise. The trial court, in this connection, found as follows: "About 6:30 o'clock of the night of October 24, 1914, the defendant was driving a peddler's wagon having springs along a portion of the highway between Simsbury and Hartford which is not lighted all night by any municipality, and did not show any light so placed as to be visible from the front and rear of such vehicle. It was very dark at that time."

The only act of negligence of the defendant, which is complained of by the plaintiff in his complaint, is that of driving an unlighted vehicle upon the highway in the night season, at a place where there was no artificial light. It is plain that the pleader, in stating his cause of action, relied upon the fact that the defendant's negligence recited in the complaint was in violation of the statute of 1913. These allegations were met with a general denial. Upon these issues the court reached the following conclusions: "That the defendant was negligent in failing to show any light on his wagon, and this negligence was the immediate cause of the collision which resulted in the injuries and damages complained of"; and that "the plaintiff was using reasonable care at the time of the collision."

Want of precision in alleging the cause of an injury for which an action is brought, is waived by contesting the case upon its merits without questioning such defect. *McNerney* v. *Barnes*, 77 Conn. 155, 157, 58 Atl. 714; *Anderson* v. *United States Rubber Co.*, 78 Conn. 48, 60 Atl. 1057. The defects in the form of charging and describing an offense are cured by the verdict. This rule is based upon the theory that the facts which are not specifically alleged are presumed to have been shown upon the trial, and therefore the defendant should not be permitted, in the last stage of the trial, to undo the whole proceedings by an objection which might have been fatal if early interposed. *State* v. *Ryan*, 68 Conn. 512, 517, 518, 37 Atl. 377.

The irregularity now in question appeared upon the face of the complaint. The defendant did not question its sufficiency by motion or otherwise. He pleaded a general denial and went to trial upon the issues of the case as presented by the pleadings. At the close of the plaintiff's evidence he made no motion for a nonsuit or for a judgment in his favor. He submitted his

testimony in reply to the plaintiff's claims and evidence, and proceeded with the trial of the case upon its merits. The record discloses that there was sufficient evidence to sustain a judgment founded upon the neglect of the defendant in failing to perform his duty by carrying a light upon his wagon as required by the statute. A finding was made, and judgment rendered finding the issues in favor of the plaintiff. The defendant cannot now avail himself of the defense that the complaint does not set forth with sufficient. particularity a cause of action based upon a violation of chapter 136 of the Public Acts of 1913. *Cook* v. *Morris*, 66 Conn. 196, 203, 204, 33 Atl. 994.

There is no error.

In this opinion the other judges concurred.