CHARLES B. JOHNSON *vs.* JOHN F. SHUFORD.

Third Judicial District, New Haven, June Term, 1916.

PRENTICE, C. J., THAYER, RORABACK, WHEELER and BEACH, Js.

A receipt is only prima facie evidence of payment, and may be varied or contradicted by parol, except as against those who may have been misled or prejudiced by it.

In the present case the trial court found that the receipt was not given by the plaintiff because of the payment of any money, but for the sole purpose of furnishing evidence of the defendant's ownership of an automobile and thus aiding him in its sale. *Held* that there was ample evidence to support such finding.

A formal defect in the statement of a cause of action, unquestioned by motion or other pleading until after a trial of the case upon its merits, is thereby waived.

In an action to recover money paid under an agreement which was alleged to have been subsequently rescinded, evidence of the original contract and what was done under it is relevant and admissible as tending to prove the probability or improbability of the agreement to rescind.

Evidence is admitted not because it is shown to be competent, but because it is not shown to be incompetent.

Conclusions of fact reached by the trial court upon conflicting evidence will not be disturbed by this court upon appeal.

Argued June 9th—decided July 27th, 1916.

ACTION upon the so-called common counts, accompanied by a bill of particulars, to recover the agreed

(1)

price of an automobile, and money had and received, brought to and tried by the City Court of New Haven, *Booth, J.;* facts found and judgment rendered for the plaintiff for $180, and appeal by the defendant.  *No error.*

In November, 1914, the defendant was engaged in the business of repairing automobiles in the city of New Haven.  About this time he sold and delivered to the plaintiff a Stoddard-Dayton automobile for $300, upon the following terms and conditions: the defendant was to accept from the plaintiff a certain Maxwell automobile of the agreed value of $100; $75 in cash was to be paid at the time of the sale, and the plaintiff was to give his promissory note for $125, payable in ninety days and renewable for like periods upon payments of $25 at each renewal, until the whole amount of $125 was paid.  The plaintiff, in pursuance of this agreement, delivered to the defendant the Maxwell automobile, paid the defendant $75 in cash, and executed and delivered to the defendant his promissory note for $125.  On February 8th, 1915, the note of the plaintiff became due and he paid $25 on account of it, and executed and delivered to the defendant a new note for $100 in compliance with the agreement.  Between February 8th, 1915, and April 12th, 1915, the defendant agreed with the plaintiff to take the Stoddard-Dayton automobile back and to return to him the $100 he had paid thereon in addition to the sale price of $100 agreed upon for the Maxwell automobile, and also to save the plaintiff from any further liability on account of his note of February 8th, 1915, for $100.  In pursuance of this agreement the plaintiff returned and the defendant took back the Stoddard-Dayton automobile, and subsequently sold the same and retained the proceeds. The defendant also saved the plaintiff from further liability on account of the note for $100.  On April

12th, 1915, the defendant paid the plaintiff $25 in pursuance of their agreement. The balance of $75 due the plaintiff, upon the money paid by him to the defendant on account of the Stoddard-Dayton automobile, and the $100 due to the plaintiff from the sale and delivery of the Maxwell automobile to the defendant, have not been paid the plaintiff, although demand has been made on the defendant therefor.

On April 12th, 1915, the defendant represented to the plaintiff that he needed some evidence to show that he owned both the Stoddard-Dayton and the Maxwell automobiles; whereupon the plaintiff executed and delivered to the defendant the following instrument: "New Haven, Connecticut, April 12, 1915. Received of John Shuford two hundred dollars in full for one Stoddard-Dayton car. Charles B. Johnson." This instrument was not given because of the payment of any money to the plaintiff by the defendant, but was given for the sole purpose of furnishing evidence to the defendant of his ownership of this automobile, which might aid him in the sale of the same.

*Samuel Campner,* for the appellant (defendant).

*George W. Crawford,* for the appellee (plaintiff).

RORABACK, J. One question of law raised by the defendant's appeal relates to the effect of the receipt for $200, which purports to be in full payment for the Stoddard-Dayton car. The defendant contends that this document was conclusive evidence of payment. Such is not the law, under the facts disclosed by the record now before us. The receipt was prima facie evidence of the fact of payment, but was not conclusive that the plaintiff had received the $200. It was proper for him to offer parol evidence to vary or contradict

the admission of payment contained therein. *Holmes* v. *Brooks*, 84 Conn. 512, 515, 516, 80 Atl. 773. A receipt is an admission only, and the general rule is that an admission, though evidence against the person who made it, is not conclusive except as to the person or persons who may have been misled or prejudiced by it. *Clark* v. *Macdermott*, 82 Conn. 572, 573, 574, 74 Atl. 686. The trial court has found that this instrument was not given because of the payment of any money to the plaintiff, but that, as claimed by the plaintiff, it was given for the sole purpose of aiding the defendant in the sale of the Stoddard-Dayton automobile after it had been taken back by him. There was ample evidence to support such a finding, and it does not appear that the defendant was in any way misled or prejudiced by the execution and delivery of this document.

The defendant also contends, in substance, in his reasons of appeal, that there is a material variance between the allegations of the amended complaint and the evidence. This action was brought upon the common counts. Subsequently a bill of particulars was filed which showed the sale of one automobile, and also contained an allegation claiming to recover for money had and received. It appears from the evidence that the first item of the bill of particulars was for the agreed price of the plaintiff's Maxwell car, for which an allowance of $100 in cash was agreed upon by the parties. The second item of the bill of particulars represented a claim for the money which the plaintiff contends he actually paid to the defendant, and which was to be repaid to the plaintiff under the agreement to rescind. The plaintiff might well have set forth, in his complaint, the terms of the first and second agreements. Practice Book (1908) § 129, p. 239. But a defect of form in the statement of a cause of action, unquestioned by motion

or other pleading until after the trial of the case upon its merits, will not, in a case like the present one, be sufficient ground for a new trial. After the bill of particulars had been filed this informality existed. If the defendant desired to have the plaintiff set forth more fully the facts showing the alleged indebtedness of the defendant, he should have made a motion before filing his answer. This was not done. *Brown* v. *Woodward*, 75 Conn. 254, 257, 53 Atl. 112; *Plumb* v. *Curtis*, 66 Conn. 154, 165, 33 Atl. 998. The general issue was pleaded by the defendant and the case was tried upon its merits, and it is now too late for the defendant to question a formal defect in the statement of the plaintiff's cause of action. *Gargan* v. *Harris*, 90 Conn. 188, 191, 192, 96 Atl. 940.

The defendant objected to the evidence of the plaintiff as to the terms of the first agreement, upon the ground that "no evidence of a long series of transactions prior to the date when the money was received," could properly be admitted. This evidence was admissible. It was the first step which led up to and was connected with the agreement to rescind. The agreement to rescind was the basis of the plaintiff's cause of action. This fact, when taken in connection with other circumstances, rendered the existence of the agreement to rescind probable. If the evidence tends reasonably to establish the probability or improbability of the facts in controversy it is admissible. "Evidence is admitted not because it is shown to be competent, but because it is not shown to be incompetent." *Plumb* v. *Curtis*, 66 Conn. 154, 166, 33 Atl. 998.

Thirteen assignments of error relate to the refusal of the trial court to find as requested by the defendant in his draft-finding. Three reasons of appeal are based upon the alleged action of the trial court in finding certain facts without evidence. The evidence is now be-

fore us under the provisions of § 797 of the General
Statutes. Several of these assignments relate to facts
which are of slight importance, and but three of the
entire number were pursued in argument before this
court. One exception is based upon the claim that the
court erred in refusing to find that it was agreed by the
plaintiff that his Maxwell car should be applied in pay-
ment of certain repairs which the defendant claims
he had made for the plaintiff. An examination of the
record discloses that the testimony upon this subject
was conflicting, and that the court might well have
reached the conclusion which it adopted upon this sub-
ject. *Eudakaitis* v. *St. George's Lithuanian Soc.*, 87
Conn. 1, 4, 86 Atl. 562. The other two exceptions re-
late to the conclusions of the trial court upon the effect
of the receipt for $200. These questions have already
been considered and need no further attention. There-
fore the motion to correct is denied.

There is no error.

In this opinion the other judges concurred.