RODERIC L'AINE v. EDWARD W. MILLER

APPELLATE DIVISION OF THE CIRCUIT COURT

FILE No. CV 12-6508-6218

Argued September 14—decided November 18, 1966

*Lester Katz,* of Hartford, for the appellant (defendant).

*Albert E. Nevins, Jr.,* of Hartford, for the appellee (plaintiff).

LEVINE, J. The plaintiff brought suit by a common counts writ to recover a $500 deposit paid to the defendant on the purchase of a used truck. In accordance with § 141 of the Practice Book, the plaintiff filed a bill of particulars which in effect was a substitute complaint, alleging that the defendant was to perform certain services on the truck and furnish certain equipment and failed to perform, and thereupon the plaintiff requested the return of the $500 deposit. The defendant filed a general denial to the bill of particulars and a motion for disclosure, with which the plaintiff complied. Upon the completion of the trial on the merits, and in his final argument to the court, the defendant raised for the first time the legality of a common counts writ in this type of action, and his appeal assigns this as error, and also that the plaintiff provided no evidence to support a judgment in the amount of $500.

"The common count[s] writ sets forth in generalized language the most frequently used counts in an action of general assumpsit." Stephenson, Conn. Civ. Proc. § 73h, p. 145. In the event that the defendant feels that the action does not sound in general assumpsit, he should move to strike the bill of particulars or substitute complaint from the record. *Goodrich* v. *Alfred,* 72 Conn. 257, 261. Section 74 of the Practice Book sets forth the order of pleading and lists "(3) Motion addressed to complaint" and "(5) Answer." The filing of any pleading waives the right to file any pleading which preceded the one filed in the order of their listing in § 74. Practice Book § 75. The defendant herein filed his answer without having made any motion addressed to the complaint and thereby waived his right to file such a motion. The lack of statutory

authority to maintain an action should be questioned before the filing of a general denial. *Smith v. Smith,* 114 Conn. 575, 578.

"[A] defect of form in the statement of a cause of action, unquestioned by motion or other pleading until after the trial of the case upon its merits, will not . . . be sufficient ground for a new trial." *Johnson v. Shuford,* 91 Conn. 1, 4. After the bill of particulars had been filed, if any defect existed and if the defendant desired to take advantage of it, he should have made a motion addressed to the complaint before filing his answer. This he did not do. See id., 5; *Brown v. Woodward,* 75 Conn. 254. The general denial having been pleaded and the case having been tried on the merits, it was too late for the defendant to question a formal defect in the cause of action in his final argument to the court. *Johnson v. Shuford,* supra, 5; *Gargan v. Harris,* 90 Conn. 188.

We are unable to act on the assignment of error that the plaintiff produced no evidence of damages in the amount found by the court, $500. No finding was requested and none was made. Only the record and the facts which it contains are before us; no evidence has been filed and, since no finding was made, there is nothing in the record to support this assignment of error. A finding is required "when the appellant desires to have reviewed the court's conclusions upon the facts of the case." Practice Book § 957. A finding is necessary where the claimed errors can be considered only upon the basis of facts as to which the trial court heard evidence and upon which it has reached its decision. Maltbie, Conn. App. Proc. § 126.

There is no error.

In this opinion PRUYN and KOSICKI, Js., concurred.