STATE OF CONNECTICUT *v.* ROBERT F. STENGEL, ADMINISTRATOR (ESTATE OF MELVIN MICHAELS) (12258)

PETERS, HEALEY, PARSKEY, SHEA and GRILLO, Js.

Argued February 7—decision released March 20, 1984

*Thomas P. Clifford III,* assistant attorney general, with whom, on the brief, were *Joseph I. Lieberman,* attorney general, and *Bernard F. McGovern, Jr.,* and *Robert W. Garvey,* assistant attorneys general, for the appellant (plaintiff).

*Robert F. Stengel,* the appellee (defendant).

PER CURIAM. The sole issue in this appeal is whether the trial court abused its discretion in denying the plaintiff's claim for interest after it had resolved the principal claim in the plaintiff's behalf. The plaintiff, the state of Connecticut, brought an action against Robert F. Stengel, Administrator for the estate of Melvin Michaels, to recover for goods and services furnished Michaels at a veterans' home in Rocky Hill. After the trial court had rendered its judgment for the plaintiff, the plaintiff filed a motion for further articulation of judgment in which it sought to recover costs, counsel fees and interest. The trial court awarded the plaintiff only customary costs. The plaintiff appeals from the denial of interest. We find no error.

The relevant facts are presently undisputed. The decedent, Melvin Michaels, a veteran of World War II, received care and treatment at the Rocky Hill Veterans' Home and Hospital from July 12, 1968, to June 1, 1976. After his death, the state, on March 28, 1980, sub-

mitted a timely written claim for payment to the defendant administrator, which the administrator disallowed on April 28, 1980.

The state initiated a suit, seeking only money damages, on June 6, 1980. After intervening proceedings terminated in a mistrial, the case was heard in the trial court on November 30, 1981. The trial court rendered its judgment awarding the state damages in the amount of $23,682.79 on June 6, 1983. Both parties had agreed, by written stipulation, to waive the normal time period for rendition of a judgment under General Statutes § 51-183b.[1] Presumably the delay in the trial court's judgment was attributable at least in part to the pendency of the related case of *State* v. *Lach,* 189 Conn. 726, 457 A.2d 1079 (1983), in which our decision, in the state's favor, was released on April 19, 1983. Because the judgment rendered by the trial court in the present case did not expressly address the award of costs or interests to the state, the state promptly filed a motion for further articulation, seeking costs, interest, double costs and counsel fees. In denying the state's motion, except for the award of customary costs, the trial court's memorandum of decision reflected its conclusion that its denial was an exercise of judicial discretion. One factor in that exercise of discretion was the court's determination that the administrator's disallowance of the state's claim had not been "without just cause or for the purpose of delay." The state has appealed only from the denial of interest.

---

[1] "[General Statutes] Sec. 51-183b. (Formerly Sec. 51-29). JUDGMENTS IN CIVIL ACTIONS. TIME LIMIT. Any judge of the superior court, who has commenced the trial of any civil cause, shall have power to continue such trial and shall render judgment not later than one hundred and twenty days from the completion date of the trial of such civil cause. The parties may waive the provisions of this section."

In its appeal, the state acknowledges that the sole question before us is whether the denial of interest by the trial court constituted an abuse of discretion. The issue was so framed in the trial court and it necessarily is so limited here. The state has not assigned as error the trial court's finding that the administrator's disallowance of the state's claim was not "without just cause or for the purpose of delay." We must therefore decide whether, despite the administrator's good faith, the trial court was bound to award interest to the state in the circumstances of this case.

"The allowance of interest as an element of damages is . . . primarily an equitable determination and a matter lying within the discretion of the trial court." *Bertozzi* v. *McCarthy,* 164 Conn. 463, 467, 323 A.2d 553 (1973). While this court has frequently upheld the exercise of discretion to award prejudgment interest for unpaid monetary claims; *Gallicchio Bros., Inc.* v. *C & S Oil Co.,* 191 Conn. 104, 110, 463 A.2d 600 (1983); *H. B. Toms Tree Surgery, Inc.* v. *Brant,* 187 Conn. 343, 348, 446 A.2d 1 (1982); *Wells Laundry & Linen Supply Co.* v. *Acme Fast Freight, Inc.,* 138 Conn. 458, 463, 85 A.2d 907 (1952); *Venezia* v. *Fairfield,* 118 Conn. 325, 333, 172 A. 90 (1934); *Clark* v. *Macdermott,* 82 Conn. 572, 574, 74 A. 686 (1909); *Selleck* v. *French,* 1 Conn. 32, 33 (1814); we have never held the denial of such an award to be an abuse of discretion.

The reasons advanced by the state in support of its argument of abuse of discretion are unpersuasive. The state argues that we must award interest because the estate was unjustly enriched through use of the disputed moneys while this litigation was pending. Whether that enrichment was unjust is the crux of the determination that we normally entrust to those vested with discretion to grant or to deny interest. In the case before us, the state argues that dispositive weight must be given to the determination that disallowance of its

claim was wrongful and to the substantial delay that attended that determination. In balancing the equities, however, the court may well have taken into account that the administrator's disallowance was not wholly without legal basis and that the state itself acquiesced in a substantial part of the delay.[2] In the light of these circumstances, we conclude that there was no abuse of discretion.

There is no error.

---

[2] Although the state complains that an earlier ruling of mistrial, induced by conduct of the administrator, wrongfully added to the delay, the state has not assigned that ruling as error. We must therefore presume that the mistrial was properly ordered.