[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiffs Robert Aubin and Denyse have brought a Five (5) Count complaint against the defendants James A. Miller, Jr. and Munson Builders, Inc.
The First Count claims Breach of Contract against Munson Builders, Inc.
The Second Count claims Breach of Escrow Agreement against James A. Miller, Jr.
The Third Count claims a breach of Connecticut Unfair Trade Practice Act against James A. Miller, Jr.
The Fourth Count claims theft against James A. Miller, Jr. and Munson Builders, Inc.
The Fifth Count claims conversion against James A. Miller, Jr. and Munson Builders, Inc. CT Page 4094
Prior to July 2, 1996 the plaintiffs Robert Aubin and Denyse Aubin negotiated with the defendant Munson Builders, Inc. regarding the purchase of certain real estate and construction of residential premises thereon. Incident to said negotiations, the plaintiffs Robert Aubin and Denyse Aubin entered into and signed an offer to purchase dated July 2, 1996, which offer to purchase was delivered by hand to Cal Munson on July 2, 1996. Cal Munson is the principal of the defendant, Munson Builders, Inc.
This offer to purchase culminated in a contract of sale between Robert Aubin and Denyse Aubin as "Purchaser" and Munson Builders Inc. as "Seller", which contract of sale is dated July 23, 1996.
The contract, inter alia, called for a down payment of $74,900 which all parties agree was paid by the Aubins and this court so finds.
This contract of Sale provided in Paragraph 19, entitled Mortgage Contingency states
 "It is expressly understood and agreed by the parties hereto that this contract is conditioned on the Purchaser being able to obtain a mortgage loan in the amount of FOUR HUNDRED THOUSAND DOLLARS ($400,000.00) from a recognized lending institution which loan shall be for a period not to exceed thirty (30) years and shall bear interest at the prevailing rate of said institution. Purchaser shall make prompt and immediate application with diligence, including the providing of all documentation necessary to support said application promptly. If Purchaser is unable to obtain a commitment for such loan on or before August 16, 1996 and if Purchaser so notifies Seller in writing care of James A. Miller, Jr., Attorney At Law 140 Sherman Street, P.O. Box 826, Fairfield, Connecticut 06430 on or before August 16, 1996 at 5:00 p. m., then this contract shall be null and void and the Purchaser shall be entitled to the return of all same paid by the Purchaser on account of this contract, except $250.00 to cover the cost of preparing this contract. Should the Purchaser fail to provide such notice or fulfill the foregoing requirements, this contract shall continue in full force and effect, and the rights and obligations of the parties hereunder shall be as if this paragraph did not appear in this contract.".
CT Page 4095 Pursuant to paragraph 19 the plaintiff Robert Aubin applied to Peoples Bank, (a recognized lending institution) for a $400,000 mortgage loan on July 19, 1996, which is the day after three (3) execution counterparts of the contract of sale, containing the final agreed revisions, to which counterparts signature pages executed by the Aubins were attached was sent to Attorney James A. Miller, Jr. Attorney for Munson Builders, Inc.
The mortgage application submitted by Robert Aubin was completely and accurately filled out and indicates that the title to the mortgaged property would be held by Robert and Denyse Aubin and further disclosed all assets and debts of the Aubins, and the income of Robert Aubin but indicated that Denyse Aubin did not have any income. Robert Aubin also completed and signed all ancillary forms required to be submitted with the mortgage application. Thereupon, Peoples Bank undertook to process said mortgage application. During the mortgage application process, Robert Aubin continued to update the mortgage application process promptly by sending a fully executed copy of the contract of sale to Peoples Bank on July 30, 1996 and responding to any inquiries by Peoples Bank in a prompt and diligent manner. Further, Robert Aubin continued to monitor said mortgage application process alerting Peoples Bank that he had a mortgage contingency date of August 16, 1996 (a Friday). This court finds that the Aubins acted promptly, accurately, and diligently in attempting to obtain the necessary mortgage loan commitment.
Robert Aubin was employed by Readers Digest as Vice President of Readers Digest of America and President of Readers Digest, USA. His then current gross annual base pay was $340,000.
On Tuesday, August 13, 1996, Robert Aubin was invited to the office of James Schadt, Chairman and Chief Executive Officer of Readers Digest. Robert Aubin unsuspectingly accepted said invitation and whereupon, Robert Aubin was told by James Schadt that his employment with Readers Digest was terminated and in a few words that he was "FIRED".
Nextly, on Wednesday, August 14, 1996, Robert Aubin notified Kathryn Hunter, his attorney, that his employment with Readers Digest had been terminated. Both Robert Aubin and Kathryn Hunter knew that the Aubins would be unable to obtain the required mortgage pursuant to the mortgage contingency clause of the contract because (a) Robert Aubin no longer had employment and therefore no income and therefore unable to make any monthly CT Page 4096 mortgage payments and (b) financing to be obtained from Readers Digest i.e. interest free loan of $150,000.00 — 250,000.00 was no longer available to Robert Aubin.
Thereupon, Kathryn Hunter, by letter dated August 14, 1996 sent by both Facsimile and Registered Main Return Receipt Requested, duly notified Attorney James A. Miller, Jr., attorney for Munson Builders, Inc. "Pursuant to Article 19 of the Contract, you are hereby notified that the Purchaser is unable to obtain a mortgage commitment as set forth in said Article 19 and that the Purchaser has elected not to proceed with the purchase of the house without such financing." The court notes that this letter dated August 14, 1996 does not request or demand a return of the deposit.
Subsequently Attorney Kathryn Hunter by later dated August 27, 1996, sent by both Facsimile and Registered Mail, Return Receipt Requested, request(ed)the return of all sums paid on account of the contract (less the $250 expense amount set forth in Paragraph 19).
Paragraph 19 of the Contract, Mortgage Contingency clause provides that the contract of sale. . . ." is conditioned on the Purchaser being able to obtain a mortgage loan in the amount of Four Hundred Thousand Dollars ($400,000.00)." This condition is merely being unable to obtain a certain mortgage not a more stringent condition of being denied a certain mortgage.
Certainly the Purchaser was unable to obtain the required mortgage through no fault of his own by August 16, 1996. Further the mortgage application process was not completed by August 16, 1996 nor could it be reasonably anticipated that said mortgage application process be completed by August 16, 1996. Therefore the Purchaser absolutely had good, legal and reasonable grounds to invoke the provisions of paragraph 19, canceling the contract and obtaining a return of the deposit.
The defendant, Munson Builders, Inc., suggests to the contrary that Robert Aubin withdrew and/or canceled the mortgage application. However it was directly and unequivocally testified to by a representative of Peoples Bank that Robert Aubin did not withdraw or cancel said mortgage application. Further, Peoples Bank continued to process said mortgage and did not issue a denial of said mortgage application based on insufficient income until August 29, 1996. Query, why would Peoples Bank continue to process said mortgage application if it had been withdrawn and/or CT Page 4097 canceled by Robert Aubin?
Munson Builders, Inc. submits that Readers Digest's Organizational Announcement dated August 16, 1996 indicates that Robert Aubin "is leaving the company for personal reasons related to the complexities of his family's relocation to the United States."
The court recalls that this Organization Announcement despite being hearsay, was offered in evidence on a very limited basis to at least show the Organization Announcement but not the truth of the statements therein. Therefore this court cannot accept the truth of the statements contained therein in support of Munson Builders, Inc.'s contention. However, even if the organizational announcement was admitted as a full exhibit this court's reaction to the organizational announcement is that it is nothing more than corporate posturing and merely providing a polite reason for Aubin leaving Readers Digest. The testimony of Robert Aubin was believable and credible. Further, the Aubins had contracted to build and buy a home, were in the process of selling their residence in Canada and their son was enrolled in Fairfield Prep.
The defendant, Munson Builders, Inc., also contends that only Robert Aubin applied for a mortgage and that Denyse did not join in the mortgage application. This would have been futile because as indicated in the mortgage application, Denyse Aubin did not have any income. Further as previously pointed out, Robert Aubin indicated that the mortgaged property would be in the names of Robert and Denyse Aubin in filling out the mortgage application and declared all assets, liabilities, and debts of both Aubins. It would have been meaningless and futile for Denyse Aubin to join in the mortgage application. "The law does not require the performance of a futile act" Luttinger v. Rosen, 164 Conn. 45, 47
(1972). This contention lacks substance and merit.
This court finds that the plaintiffs Robert Aubin and Denyse Aubin have legally invoked the provisions of said paragraph 19 and they are therefore entitled to the sum of $74,650.00 i.e. $74,900.00 less $250.00. This conclusion is supported byLuttinger v. Rosen, ID, and Kline and Graham 1992 WL CG 595.
The defendant Munson Builders, Inc. claims it is entitled to certain set-offs. The clear and unambiguous language of paragraph 19 Mortgage Contingency clause is that "If purchaser is unable to obtain a commitment for such loan on or before August 16, 1996 CT Page 4098 and if purchaser so notifies seller in writing care of James A. Miller, Jr., Attorney at Law, 140 Sherman Street, P.O. Box 826 Fairfield, Connecticut 06430 on or before August 16, 1996 at 5:00 p. m., then the contract shall be null and void and the purchaser shall be entitled to the return of all sums paid by the purchaser on account of this contract, except $250.00 to cover the cost of preparing this contract."
All parties agree that Aubin notified James A. Miller, Jr. that the purchasers were unable to obtain said commitment for the required loan on or before August 16, 1996 but the defendant Munson Builders, Inc. challenge the validity of such notification. However, this court has found that the purchasers (Aubin) have legally invoked the provisions of paragraph 19 and therefore this contract becomes NULL and VOID (emphasis added). This language is clear and unambiguous.
Therefore the simple answer to the defendant's, Munson Builders. Inc.'s claim for set off is that the contract is NULL and VOID and there are no surviving paragraphs except paragraph number 23. Thus the contention that Munson Builders Inc. is entitled to set-offs is legally unavailing.
Therefore the court enters judgment in favor of the plaintiffs Robert Aubin and Denyse Aubin against the defendant Munson Builders, Inc. in the amount of $74,650.00 on the First Count of the complaint.
The Second Count of the complaint claims Breach of Escrow Agreement against Miller.
Paragraph 23 ESCROW OF DOWN PAYMENT provides in pertinent part, "the amount of $74,900.00 paid by Purchaser on account of the Purchase Price (the "Escrow Funds") shall be held in escrow by James A Miller, Jr., Esq., Seller's attorney (the "Escrow Agent"), . . . In the event of any dispute with respect to the disposition of said funds, the Escrow Agent may retain the Escrow Funds in escrow until the dispute is settled. . . ."
Paragraph 23 survives the contract being NULL and VOID because it deals with the mechanics of the termination of the contract and therefore must be necessarily operative.
This court finds that Miller as escrow agent acted in accordance with Paragraph 23 Escrow of Down Payment in that he CT Page 4099 recognized a dispute existed between the plaintiffs Robert Aubin and Denyse Aubin and the defendant Munson Builders, Inc. Despite this court's observation that the dispute was created by Munson Builders, Inc. and the purported basis for an alleged dispute was both ill founded and unfounded it was not incumbent on Miller to ascertain the legal legitimacy of the dispute. Therefore Miller was correct in holding the escrow funds until any dispute was entirely resolved either by voluntary agreement of the parties or judicial determination.
Therefore the court enters judgment in favor of defendant James A. Miller, Jr. and against the plaintiffs Robert Aubin and Denyse Aubin on the Second Count of the complaint.
The Third Count of the complaint claims that Miller violated the Connecticut Unfair Trade Practice Act.
At the risk of brevity the count finds that the plaintiffs Robert Aubin and Denyse Aubin have not sustained their burden of proof as regards the Third Count. Dispositive of this claim is that the court has found pursuant to the Second Count of this complaint that Miller did not violate the escrow agreement and therefore did not wrongfully withhold the escrow funds from the plaintiffs Robert Aubin and Denyse Aubin.
The court declines to dissertate or elaborate any further on the CUTPA claims as the court respectfully feels that further dissertation or elaboration is unnecessary.
The court enters judgment in favor of the defendant, James A. Miller, Jr. and against the plaintiffs Robert Aubin and Denyse Aubin on the Third Count of the complaint.
The Fourth Count of the complaint claims Theft Against Miller and Munson Builders.
Again at the risk of brevity, this court again finds that the plaintiffs Robert Aubin and Denyse Aubin have not sustained their burden of proof against Miller as regards Count Four. The court has previously found that Miller did not wrongfully withhold the escrow funds from the plaintiffs Robert Aubin and Denyse Aubin and further that Miller was not in breach of the escrow agreement.
Therefore the court enters judgment in favor of the defendant CT Page 4100 James A. Miller, Jr. and against the plaintiffs Robert Aubin and Denyse Aubin on the Fourth Count of the complaint.
Although it is not clear from the plaintiffs' pleading in the fourth count. the court assumes that the plaintiffs are claiming statutory theft pursuant to C.G.S. 52-564 entitled "Treble damages for theft". CGS 52-5634 provides "Any person who steals any property of another, or knowingly receives and conceals stolen property, shall pay the owner treble his damages". The word "steals" as used in this section is synonymous with the statutory definition of the Crime of Larceny. Lauder v. Peck11 Conn. App. 161 (1987).
C.G.S 53a-119 Larceny defined. A person commits Larceny when, with intent to deprive another person of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains or withholds such property from an owner.
Use of the word "steals" imparts a criminal activity and the necessary level of felonious intent. If the sum of $74,900 was stolen, this would be a class B felony. C.G.S. 53a-122.
An award of treble damages pursuant to C.G.S. 52-564 is an extraordinary remedy. Clear and convincing proof of the actions alleged is required in order to assess treble damages pursuant to C.G.S. 52-564. Schaffer v. Lindy 8 Conn. App. 96, 104, 105 (1986).
This court finds that the plaintiffs Robert Aubin and Denyse Aubin have not proven by clear and convincing proof that the defendant Munson Builders, Inc. is liable for statutory theft pursuant to C.G.S. 52-564.
The court enters judgment in favor of the defendant, Munson Builders, Inc. and against the defendants Robert Aubin and Denyse Aubin on the Fourth Count of the plaintiffs' complaint.
The Fifth Count of the Complaint claims conversion against Miller and Munson Builders.
"Conversion is an unauthorized assumption and exercise of the right of ownership over goods belonging to another, to the exclusion of the owners rights." Devitt v. Manulik 176 Conn. 657,660 (1979). To establish a case of conversion, the plaintiffs Robert Aubin and Denyse Aubin have to demonstrate that (a) the deposit funds belong to the plaintiffs, (2) that the defendants CT Page 4101 James A. Miller, Jr. and Munson Builders, Inc. deprived the plaintiffs of their funds for an indefinite period of time, (3) that the defendants' conduct was unauthorized, and (4) that the defendants' conduct harmed the plaintiffs. Discover Leasing v.Murphy, 33 Conn. App. 303, 309 (1993).
The plaintiffs proof against the defendant James A. Miller, Jr. fails on the third prong of this four part test i.e. the defendant James A. Miller, Jr.'s conduct was unauthorized. This court's ruling that the defendants did not wrongfully withhold the escrow funds and that the defendant James A. Miller, Jr. was acting within the purview of the escrow agreement is dispositive of the plaintiffs' claim against the defendant James A. Miller, Jr.
This court enters judgment in favor of the defendant James a. Miller, Jr. against the plaintiffs Robert Aubin and Denyse Aubin.
As regards the defendant, Munson Builders, Inc., the court finds that Munson Builders Inc. knew the deposit funds belonged to the plaintiffs Robert Aubin and Denyse Aubin, at least as of approximately August 27, 1996 which is the date of the letter sent by Attorney Kathryn Hunter to Attorney Miller requesting the return of the deposit funds. Further the defendant Munson Builders, Inc. deprived the plaintiffs of the use of their funds for an indefinite period of time by refusing to comply with the plaintiffs request for the return of the deposit funds despite several requests over several months by Attorney Hunter. Also the conduct of the defendant, Munson Builders, Inc. was unauthorized as the contract under which the deposit funds were made became NULL and VOID on August 16, 1996 when the defendant Munson Builders, Inc. was notified that the Aubins were unable to obtain the required mortgage commitment by August 16, 1996 in accordance with paragraph 19, Mortgage Contingency Clause. There being no contract, there was no authority to hold these funds.
The plaintiffs Robert Aubin and Denyse Aubin have also proven by a fair preponderance[1] of evidence that the conduct of the defendant Munson Builders, Inc. harmed the plaintiffs. Common sense supports the fact that $74,650.00 is a substantial sum and the plaintiffs have not had the use of this sum over a period of time of approximately 43 months (September, 1996 to March 2000 inclusive).
Calvin Munson, the principal of the defendant Munson Builders, CT Page 4102 Inc. testified that he had been in the residential construction business for more than 25 years and had built hundreds of houses. By way of observation (without finding) I am sure that Calvin Munson felt that this agreement with the Aubins was solid and only turned sour due to unpredictable remote consequences. I am equally sure that Calvin Munson was disappointed that the agreement fell through but this is a risk of doing business. Despite this disappointment, Munson Builders, Inc. was obligated to return the deposit funds as soon as possible to the Aubins.
The court enters judgment in favor of the plaintiffs Robert Aubin and Denyse Aubin and against the defendant Munson Builders, Inc. on the Fifth count of the plaintiffs complaint in the amount of $74,650.00. This amount is duplicative of the amount awarded pursuant to the First Count of the plaintiffs' complaint and not in addition thereto.
Connecticut General Statutes 32-3a Rate recoverable as damages provides. . . . (I)nterest at the rate often percent a year, and no more, may be recovered and allowed in civil actions . . . as damages for the detention of money after it becomes payable.
""Whether interest is a proper element of damages is primarily an equitable determination and is a matter which lies with the discretion of the trial court. State v. Stengel, 192 Conn. 484,487, 1984. Interest may be awarded at the statutory rate from the time the money becomes due. Simonettei v. Lovermi,15 Conn. App. 722, 737, (1988)." `"(t)he determination of whether or not interest is to be recognized as a proper element of damage, is one to be made in view of the demands of justice rather than through the application of any arbitrary rule". Bernhard v.Rochester German Ins. Co., 79 Conn. 388, 398, (1906). The real question in each case is whether the detention of money is or is not wrongful under the circumstances. Cecio Brothers, Inc. v.Feldman, 161 Conn. 265, 275 (1971). Basically, the question is whether the interests of justice require the allowance of interest as damages, for the loss of use of money. Berlozzi v.McCarthy, 164 Conn. 463, 466-67 (1973). In the instant case, the interests of justice requires the allowance of statutory interest as damages.
The language of the mortgage contingency was clear and unambiguous. It was written in plain language that even a lay person could read and understand. The contract became NULL and VOID on August 16, 1996 when the Aubins were unable to obtain the CT Page 4103 required mortgage loan commitment. Thereafter it was incumbent on the defendant Munson Builders, Inc. to send a sum of money representing the deposit funds (less $250.00) to the plaintiffs in the amount of $74,650. Despite many written demands for the return of the deposit funds, such written demands went unheeded. Further, even though the house was sold to Raz on December 22, 1997 the defendant. Munson Builders, Inc., declined to forward the deposit funds to the plaintiffs. This court finds that the posture and conduct of the defendant, Munson Builders, Inc, was wrongful and without any reasonable justification. The court further finds that the defendants Munson Builders, Inc,'s conduct was designed to harm and punish the plaintiffs Robert Aubin and Denyse Aubin. The court has previously ruled that the defendant, Munson Builders, Inc., contentions to the contrary are unavailing due to the contract becoming NULL and VOID and further such contentions are unfounded and/or illfounded.
The court determines that prejudgment interest should be awarded to the plaintiffs commencing October 1, 1996[2] through the date of satisfaction of this judgment at the rate of ten percent per annum. The court calculates the amount of interest due hereunder from October 1, 1996 to March 31, 2000 is $26,749.58)[3] The per diem interest is $20.45. Further the plaintiffs Robert Aubin and Denyse Aubin are entitled to prejudgment interest through the date of satisfaction of judgment.
Pursuant to C.G.S. 52-192a (b) this court has examined the record to determine whether the plaintiffs made an "offer of judgment" which the defendant failed to accept. The court finds and "offer of judgment" filed by the plaintiffs dated September 22, 1999 and filed September 23, 1999 in the amount of sixty-nine thousand five hundred dollars ($69,500.00). This court finds that the plaintiffs have recovered an amount greater than the sum certain stated in the offer of judgment. Pursuant to C.G.S.52-192a(b) the court adds to the amount so recovered twelve percent annual interest computed from date of filing of the complaint herein. The complaint herein was filed August 18, 1998. In that the offer of judgement was filed on September 23, 1999 which was within 18 months of the filing of the complaint, interest at the rate of twelve per cent per annum is calculated from August 18, 1998 to April 10, 2000 in accordance with the following calculations:
Amount Recovered ($74,650.00 + $26,749.58) $101,399.58 CT Page 4104 12% interest from Aug. 18, 1998 to April 10, 2000;
 $101,300.58 x 12% = (1 year) $12,167.95 per month @ $1014 x 7 months 7,098.00 per diem @ $33.34 x 24 days 800.08 $ 20,066.03
The court determines that Offer of Judgment interest through April 10, 2000 amounts to $20,006.03. Further the plaintiffs Robert Aubin and Denyse Aubin are entitled to Offer of Judgment interest through the date of satisfaction of judgment.
 SUMMARY
The court finds in favor of the defendant James A. Miller, Jr. on the Second Count. Third Count, Fourth Count and Fifth Count of the complaint and against the plaintiffs Robert Aubin and Denyse Aubin.
The court finds in favor of the defendant Munson Builders, Inc. on Fourth Count of the complaint and against the plaintiffs Robert Aubin and Denyse Aubin.
The court finds in favor of the plaintiffs Robert Aubin and Denyse Aubin on the First Count and Fifth Count of the complaint and against the defendant, Munson Builders, Inc. and awards the sum of $74,650.00
The court awards prejudgment interest in favor of the plaintiffs Robert Aubin and Denyse Aubin and against the defendant, Munson Builders. Inc. in the sum of $26,749.58
The court awards offer of judgment interest in favor of the plaintiffs Robert Aubin and Denyse Aubin and against the defendant, Munson Builders, Inc. in the sum of $20,006.03
Therefore the court enters judgment in favor of the plaintiffs Robert Aubin and Denyse Aubin in the total amount of $121,405.61
Respectfully submitted,
JOHN W. MORAN, JUDGE