[No. 5739.]

THE FOSTORIA GOLD MINING COMPANY v. HAZARD ET AL.

1. **Vendor and Vendee—Contract**—The mere deposit in escrow of a conveyance of lands, to be delivered upon payment of a specified sum of money at a certain time, followed by payments on account by the grantee, does not amount to an agreement on the part of the latter to pay the purchase money. Even though he fraudulently procure the deed, and place it upon record, no lien for the purchase money can, upon these facts, without more, be enforced.—Pp. 498, 499.

2. **Vendor's Lien**—A complaint to enforce a vendor's lien must affirmatively show a contract of sale consummated between the parties.—P. 497.

Two parcels of land belonging to different parties are sold for a gross sum; no lien will be enforced unless it be shown what part of the gross sum was to be paid for each tract.—P. 498.

*Appeal from Gilpin District Court.*
*Hon. A. H. DeFrance, Judge.*

Mr. H. A. HICKS and Mr. L. J. WILLIAMS, for appellant.

Mr. WM. C. MATHEWS and Mr. JAS. M. SERIGHT, for appellees.

Mr. JUSTICE CAMPBELL delivered the opinion of the court:

Action to enforce a vendor's lien for the unpaid purchase price of lands. From a decree in plaintiffs' favor, defendant appeals.

The complaint does not state a cause of action. In substance it charges merely that, at defendant's request, at a certain time plaintiffs delivered to a bank in escrow two deeds, one of which was from one of the plaintiffs, Morris Hazard, to defendant for certain described lands, and the other from the two plaintiffs jointly to defendant for certain other described lands; which two deeds, and two other certain deeds already in the bank covering a part of the property in question, given to Morris Hazard, one of the plaintiffs, as grantee, the bank was instructed to deliver to defendant at a certain time, provided defendant had then paid a specified gross sum, in installments and at fixed times; but since time was made the essence of the contract, if defendant failed to make any or all of such payments when due and at the specified times, the deeds were to be returned to plaintiffs and all payments, if any, theretofore made were deemed liquidated damages and to be retained by plaintiffs; that defendant made some, but not all, such payments and while twenty-five hundred dollars of the purchase price was still due and unpaid, defendant fraudulently procured of the bank the four deeds and placed them on record, and though plaintiffs have demanded payment of the balance due, it has not been paid. Plaintiffs therefore demand a judgment for the unpaid balance of twenty-five hundred dollars, interest and costs, and ask that it be made a lien on all the premises, and if not seasonably paid, that they be sold and the proceeds applied to the judgment.

It will be observed that no contract of sale, or

agreement by defendant to buy, is alleged, nor is there a charge that defendant signed the escrow writing or entered into possession of the premises or made any payment on the escrow as the result of its agreement to buy, or that defendant ever made part performance of any contract entered into by it. There is no allegation that plaintiffs, or any one else, ever sold or agreed to sell the premises. No consideration is named as the purchase price if any contract of sale was made; indeed the terms of the sale nowhere appear in the complaint. The sums of money to be paid in installments, as recited by the escrow, are not to be taken as the purchase price in the absence of fit averments to that effect. There is no sufficient or apt averment showing that what appears on its face to be a unilateral contract—a mere *nudum pactum*—ever ripened into a contract binding upon defendant. It does not appear from the complaint whether the lien is claimed because plaintiffs were the grantors or merely vendors of the described premises. These defects in the complaint would seem to be substantial, not merely defects subject to correction by motion or special demurrer.—22 Enc. Pl. & Pr., p. 722.

If, however, in the respects noted, the complaint should be held good as against a general demurrer which the defendant unsuccessfully interposed below, it is fatally defective for other reasons. The authorities are in accord that a vendor's lien may be enforced in favor of a grantor, or vendor, of lands, even though the latter is not the grantor or owner; but in either event, only to the extent of his interest therein and for a definite, ascertainable purchase price, or such part thereof as remains unpaid. The lien, thus defined as to its extent, has been enforced in this jurisdiction.—*Francis v. Wells,* 2 Colo. 660; *Schiffer v. Adams,* 13 Colo. 572.

Conceding, for our present purpose, that by necessary inference the complaint shows the contract of sale to be entire, it also appears to be a joint contract for a sum *in solido*. At least that is plaintiffs' theory. The complaint, however, shows, if it shows anything, that the plaintiffs own several of the tracts of land jointly which are included in one of the deeds, and one of the plaintiffs alone owns several tracts, the other plaintiff having no interest therein, which are covered by a separate deed. The relative value of the separately owned and jointly owned tracts is not averred, nor does it appear what part of the gross purchase price was to be paid for each of such separate and distinct parcels. In such state of facts it has been held that a lien cannot be enforced.

*Ortmann v. Plummer,* 52 Mich. 76, is to this effect. *Waterfield v. Wilber,* 64 Mich. 642, is quite in point. By the amended bill there two plaintiffs sought to enforce a vendor's lien and it alleged joint ownership of the premises. The contract of purchase was entire. The proof showed that one plaintiff owned eighty acres and the other plaintiff twenty acres of the land, and it did not appear what the purchase price of each parcel was. The court held that a lien did not exist, saying, "The contract of purchase being entire, according to complainants' claim, and no part apportioned to the respective owners, and there being no evidence of the relative value of each parcel at the time of the sale, and the bill alleging a joint ownership, this bill to enforce a vendor's lien cannot be maintained."

Plaintiffs contend that this decision is contrary to the weight of authority. On the contrary, we think it states the correct rule. The equitable lien is given to a vendor of land, as we have said, only for the unpaid portion of the purchase price of that particular land, and the lien ought not to be extended

to secure any part of a debt due to some other person than the vendor or attach to some other tract of land. Whether this contract of sale was entire or severable neither the complaint nor the evidence in the case establishes; hence plaintiffs are not in a position to claim a lien. In argument plaintiffs claim that the contract was an entire one, but it appears that the premises were conveyed by separate deeds, and it may be at different times, one of which was executed by one plaintiff, the other by the two plaintiffs jointly. In the absence of a contrary averment or proof, the presumption is that these separate deeds evidenced separate contracts. We do not know what was the purchase price of the separate parcels of lands included in either of these deeds, or what proportion of the purchase price each plaintiff was to receive. If there were separate contracts, such fact should be made to appear before a lien can be granted. If the contract was entire and the plaintiffs entitled to a joint lien and to the purchase price jointly, the court should be properly advised. But the complaint, as well as the evidence, is entirely wanting in these particulars.

Plaintiffs cite *Brisco v. Minah Consolidated Mining Co.*, 82 Fed. 952, as opposed to the doctrine just announced. Considering the facts of that case as recited by Knowles, Justice, who delivered the opinion at circuit, we do not think the decision sustains plaintiffs' contention. There the contract of sale was for a sum *in solido* and the claim was that plaintiffs owned the property not jointly but in severalty, and that therefore the lien could not be enforced. The judge said, the point is not without difficulty; nevertheless he allowed the lien. But in his opinion he expressly stated, "There is nothing in this case to preclude the presumption that all of these claims were held by the parties to the convey-

ances jointly.'' And he further said ''It should also be noticed * * * that a person who contracts to sell land, and delivers the premises to his vendee, is entitled to a vendor's lien.'' He concludes by saying in effect that where, as in a case like the one he was considering, the plaintiffs contracted to sell the mining claims and were to be paid a gross sum therefor, the right to have the purchase money paid is a joint right and the equitable lien is vested in them all jointly. These statements differentiate that case, in its facts, from the one at bar, for here the only allegations in the complaint on the subject indicate that the premises were held in severalty and sold under separate contracts. It does not appear here that plaintiffs, though grantors, were the vendors, or that the purchase price was a gross sum for all of the premises conveyed. It is a fair inference that, had not the judge in the Brisco case found that plaintiffs owned the premises jointly, or that, as vendors, as distinguished from grantors, they were entitled to a lien for premises which they had jointly contracted to sell, though ownership thereof was in severalty, the lien claimed would not have been allowed.

Our conclusion is, both upon reason and authority, that a suit to enforce a vendor's lien cannot be maintained under the complaint as it now reads; and that defendant's demurrer thereto should be sustained.

Without entering into the merits of the case, under the evidence, we must reverse the judgment and remand the cause. The district court will permit the parties to amend their pleadings as they may be advised to correspond with the views herein expressed.                    *Reversed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.