CHARLEMAGNE HOLMES, ADMINISTRATOR, ET ALS. *vs.*
MARY E. BROOKS ET AL.

Second Judicial District, Norwich, April Term, 1911.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

A warranty deed of real estate, which purported to have been given for the consideration of $800 received to the full satisfaction of the grantor, provided that the deed should become void if the grantee neglected or refused to comply with the terms of a written agreement of the same date between the same parties, wherein the grantee covenanted, among other things, to pay the grantor $800 and to nurse and care for her in case she should become ill and unable to care for herself. *Held:—* ·

1. That the grantee took upon the delivery of the deed a vested estate defeasible upon a breach of the conditions subsequent.

2. That the recital in the deed acknowledging receipt of $800 from the grantee was prima facie, though not conclusive, evidence of the fact of such payment; and that in reply to the plaintiffs' evidence of nonpayment, the defendant might show that she had been excused from making the prescribed payment under such circumstances as would have estopped the grantor from attempting to enforce a forfeiture of the defendant's title upon that ground.

3. That the grantor's heirs at law and the administrator on her estate had no greater right under the deed and agreement to demand a forfeiture than the grantor herself would have had had she survived.

4. That the unintentional failure of the grantee to care for the grantor on one occasion when the latter was ill and away from home, did not constitute a wilful neglect upon her part nor furnish a just cause for defeating her title.

The office of an equitable estoppel *in pais* is not to shut out but to let in the whole truth, and to show what equity and good conscience require under the particular circumstances of the case, irrespective of what might otherwise be the legal rights of the parties.

A court of equity has power to relieve a party against the forfeiture or penalty incurred by the breach of a condition subsequent, when no wilful neglect on his part is shown, upon the principle that a legal right should not be taken advantage of for the purpose of injustice and oppression.

Argued April 26th—decided July 31st, 1911.

SUIT to secure the cancellation of a deed of real estate

and for other equitable relief, also for $1,000 damages, brought to and tried by the Superior Court in New London County, *Burpee, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiffs. *No error.*

*Gustaf B. Carlson,* for the appellants (plaintiffs).

*Donald G. Perkins,* for the appellees (defendants).

RORABACK, J. The plaintiffs, the administrator and the heirs at law of one Mary A. Brockway, now deceased, in their complaint ask that a certain deed given by Miss Brockway in her lifetime to the defendant Mary E. Brooks be set aside, because Mrs. Brooks failed to perform certain agreements contained in the deed, in that she failed to pay the sum of $800, and failed to care for Miss Brockway when she was ill and needed care.

Upon the facts found the Superior Court reached the following conclusions: that the defendant Mary E. Brooks has not refused or neglected to comply with the terms of the agreement in the manner alleged in the complaint; that the plaintiffs are estopped from maintaining this action; that the deceased Mary A. Brockway made a valid, present gift to the defendant Mary E. Brooks of all the property described in the complaint, including the designated price or consideration of $800, subject to certain uses reserved to herself and to certain conditions subsequent, which have been fully enjoyed and performed and kept. Each of these facts is sufficient to prevent the plaintiffs' recovery. The reasons of appeal involve the action of the trial court in reaching the conclusions just stated.

As bearing upon the subject of estoppel, the facts found in substance are: January 18th, 1899, Mary A.

VOL. LXXXIV—33

Brockway, an elderly lady, owned and occupied a house and.lot of land in the town of Lyme, in New London county. She was a timid woman, and afraid to live alone in her house, and had let tenants occupy a part of it without rent. About one year previous to January, 1899, she took the defendants (Mr. and Mrs. Brooks) into her home and allowed them to occupy about two thirds of it without rent. The relations between Miss Brockway and the defendants became and continued friendly, and they always lived happily together in her house. To secure the continuance of these relations, Miss Brockway proposed to give the house to Mrs. Brooks if she would stay there on certain conditions, which Miss Brockway stated. Among the conditions so stated was an agreement that Mrs. Brooks was to care for Miss Brockway, or furnish some one to care for her, if at any time she should be sick and unable to care for herself. Mrs. Brooks accepted the gift of the place upon these conditions. On January 18th, 1899, Miss Brockway executed and delivered to Mrs. Brooks a warranty deed of the premises in question. This deed purported to be given for the consideration of $800 received to the 'full satisfaction of Miss Brockway. The grantor reserved in the deed the right to use and occupy that portion of the dwelling-house which she then occupied, and all other rights and privileges, which were fully set forth in a written agreement executed by the parties the 18th of January, 1899; and the deed expressly provided, as one of its conditions, that if the grantee at any time should refuse or neglect to comply with the terms of said agreement, such refusal or neglect "will make this deed null and void." The agreement contained these statements and provisions, among others: "The said Mary A. Brockway in consideration of the sum of eight hundred dollars to her paid by the said Mary E. Brooks, the receipt of which

is hereby. acknowledged, and in further consideration of the promises and covenants of the said Mary E. Brooks hereinafter contained, hereby agrees with the said Mary E. Brooks, that she will on or before the 18th day of January A. D. 1899, make and deliver to the said Mary E. Brooks, a good and sufficient deed of all that tract or piece of land" in question. "In consideration hereof the said Mary E. Brooks, hereby agrees with the said Mary A. Brockway, that she will on receiving a deed of the above bounded and described property on or before the 18th day of January A. D. 1899, pay the said Mary A. Brockway, the sum of eight hundred dollars and faithfully keep and perform all the promises, covenants and agreements herein contained. . . . The said Mary E. Brooks further promises, covenants and agrees that should the said Mary A. Brockway be at any time sick and unable to care for herself she will care for or furnish some one to nurse and care for her during her sickness."

The plaintiffs hold under Miss Brockway, and it is not claimed that they have any other or greater rights than she had under the deed and this written agreement. The estate conveyed to Mrs. Brooks, being of the kind indicated in the deed, vested immediately, subject only to becoming divested upon breach of condition. Her title in and to these premises is not void, and can only be so at the election of the grantor or such other person or persons as are empowered to make the election; and then, only upon the doing of that which equity requires to entitle them to make such an election.

Acknowledgments of the receipt of the $800 in the deed and agreement, upon the part of the grantor, were prima facie evidence of that fact; and to sustain the allegations of their complaint that the grantee had refused to pay according to the terms of the agreement, it became necessary for the plaintiffs to resort to parol

evidence to vary or contradict these admissions. Parol evidence, upon the subject of consideration, being admissible for the plaintiffs to sustain their contention, it was also proper for the defendants to rely upon the same class of testimony as to the same subject-matter. If the character or amount of the consideration could be shown by parol, those proofs were equally open to both sides. Upon the facts found, the Superior Court was warranted in deciding that Mrs. Brooks had been excused from making payment of the $800 under such circumstances that equity and good conscience required that the grantor, and those in privity with her, should be estopped from demanding a forfeiture of the grantee's interest in the land.

"The modern estoppel *in pais* is of equitable origin, though of equal application in courts of law. It is much more than a rule of evidence. It establishes rights; it determines remedies. An equitable estoppel does not so much shut out the truth as let in the truth, and the whole truth. Its office is not to support some strict rule of law, but to show what equity and good conscience require, under the particular circumstances of the case, irrespective of what might otherwise be the legal rights of the parties." *Canfield* v. *Gregory*, 66 Conn. 9, 17, 33 Atl. 536. This doctrine is applicable to the case now before us. The repeated declarations and conduct of Miss Brockway, before and after the execution of the deed and agreement, clearly demonstrated that she intended this sum of $800 should not be paid. She so stated before and after the execution and delivery of these written instruments. We have the fact that these arrangements were made and continued for ten years, until the death of the intestate, without any intimation or suggestion from her that she had any claim against the defendant for the $800 referred to in the written agreement. It is fair to infer

from the facts found, that the defendant was induced to make an expenditure of several hundred dollars for the purpose of making permanent improvements to be used in connection with this property, in reliance upon the statements of Miss Brockway that the house was hers (Mrs. Brooks') and she could do as she wished. In this connection it is of importance to note that this statement was made several years after the deed was given. It is plain that this arrangement was beneficial to Miss Brockway. Before the agreement, the defendants, who had the use of a portion of the house, were under no obligation to stay, or to pay anything for the maintenance of the place. Under this agreement the intestate had the companionship of the defendant Mrs. Brooks, who was bound to stay, pay all taxes, insurance, and repairs, and care for Miss Brockway during the remainder of her life. The facts upon this branch of the case have all the elements of an equitable estoppel.

The plaintiffs, to sustain their contention that there was a forfeiture of the condition in the deed, also rely upon one instance when the defendant failed to care for Miss Brockway when she was sick and away from home. A court of equity has power to relieve a party against the forfeiture or penalty incurred by the breach of a condition subsequent, when no wilful neglect on his part is shown, upon the principle that a party having a legal right shall not be permitted to avail himself of it for the purpose of injustice and oppression. *Noyes* v. *Anderson*, 124 N. Y. 175, 26 N. E. 316. A court of equity may grant relief from the forfeiture of an estate conditioned for the maintenance and support of a mortgagee, where the forfeiture was accidental and unintentional, and not attended with irreparable injury. But it rests in the sound discretion of the court when relief shall be granted in this class of cases. *Henry* v. *Tupper*, 29 Vt. 358. There is nothing in the finding

to indicate that the defendant did not intend to care for the intestate as she agreed to. It appears that she was not informed of the sickness complained of until Miss Brockway had recovered and returned to her home and that the intestate never afterward made any complaint upon this subject. It is clear that the failure of the defendant to care for the intestate was not a wilful neglect upon her part, and that Miss Brockway did not so regard it.

The Superior Court consistently held that there was a substantial compliance with the terms of the contract by Mrs. Brooks, and therefore no cause of forefeiture. There is no error.

In this opinion the other judges concurred.