[No. 4137.]

## HAZARD ET AL. V. FOSTORIA GOLD MINING COMPANY.

1. NEW TRIAL—*Second Verdict*. Judgment for plaintiff upon evidence of doubtful sufficiency. Plaintiff having twice prevailed, before the jury, upon the same issues, the court of review declined to disturb the judgment. (119.)

2. VENDOR'S LIEN—*Waiver Of*. The vendors accepted the promissory note of a third person in lieu of the second instalment of the purchase money, giving the purchaser, and the depositary of the deed, to understand that the note was accepted as payment of that instalment, or at least as a release of any lien upon the land for the amount; and made no attempt afterwards to correct this impression, purposely concealing their intention to. claim a lien upon the land for the second instalment. Accordingly, the third and last instalment being discharged at the appointed time, the depositary delivered the conveyances. *Held*, that although the promissory note so accepted was long overdue, plaintiffs were estopped to assert a lien for the second instalment. (120.)

*Error to Gilpin District Court.* HON. HARRY C. RIDDLE, Judg.e

Mr. JAMES M. SERIGHT, Mr. WILLIAM C. MATTHEWS, for plaintiffs in error.

Mr. H. A. HICKS, Mr. CHARLES ROACH, for defendant in error.

KING, J., delivered the opinion of the court.

Action brought by plaintiffs in error to obtain judgment against The Fostoria Gold Mining Company, defendant in error, for the sum of $2,500, an alleged balance of the purchase price of lands, and to establish and enforce a vendor's lien. On trial to the court, without a jury, plaintiffs had personal judgment on the money demand. The prayer for vendor's lien was denied. Plaintiffs sued out this writ of error to review the judgment for denial of that demand. Defendant assigns cross-errors as to the personal judgment. We shall consider these assignments in their inverse order.

The defense as to the money demand was that plaintiffs had accepted the individual note of W. R. Strasser in payment of that sum, and thereby had released defendant from liability. The defense to the demand for enforcement of vendor's lien was that it had been waived.

1. Judgment, so far as it went for plaintiffs, was rendered on evidence sharply conflicting, and which, as it appears from the record here, raises a grave doubt as to its sufficiency to sustain the judgment. But the cause has been twice tried before different judges with the same result; wherefore, all circumstances considered, we think the finding and judgment in that respect should not be disturbed.

2. The trial court held that certain acts of the plaintiffs constituted a waiver of their right to a vendor's lien, and should estop them from claiming it. The sum sued for was a part of an installment which fell due October 1, 1903, on the purchase price of mining claims and other lands. The last installment, $10,000, was payable January 1, 1904. The deeds by which plaintiffs conveyed the property to the defendant were held by the Rocky Mountain National Bank of Central City, to be delivered to defendant upon payment of the full amount of the purchase price, pursuant to written instructions accompanying said deeds, the substance of which is stated in *Fostoria G. M. Co. v. Hazard et al.*, 44 Colo. 495. For certain reasons not necessary to state, W. R. Strasser had agreed with the defendant to provide funds for the payment of $2,500 of the installment which fell due October 1, 1903; Strasser, being unable to make payment in cash, effected an arrangement with plaintiffs by which they agreed to accept his individual note for that amount, payable ten days thereafter. In accordance with that arrangement, his note was delivered to and accepted by the plaintiffs, who made such statements to the representatives of the defendant and to the cashier of the bank which held the escrow, that defendant and the said

cashier understood and believed that the plaintiffs had released the defendant from the payment of that balance— at least so far as concerned plaintiffs' right to claim a lien therefor, or to insist upon the retention by the bank of the escrow as security for such payment. Pursuant to that understanding, defendant made final payment of said $10,-000 installment on or about the 31st of December, 1903, and the bank delivered the escrows before receiving any notice, and without knowledge, that plaintiffs made any claim to a lien upon the land as security for the amount which they now insist is unpaid, or that the escrow should be retained by it as such security, although the note given by Strasser was long past due at the time the payment of the final installment was made. The evidence justified a finding that if the plaintiffs had in mind the retention of the lien upon the land as security for the payment of the amount for which they took Strasser's note, they purposely concealed that intention from the defendant and from the holder of the escrow. If they had such intention, equity and good faith required them to make full disclosure in due time. We find no error in the ruling of the court, that the acts of plaintiffs were sufficient to constitute a waiver of the lien, or an estoppel against their right to claim it.

The judgment will be affirmed.

*Affirmed.*