## No. 10,312.

## PHARES *v.* DON CARLOS.

Decided June 5, 1922.   Rehearing denied July 3, 1922.

Action to remove cloud on title to real estate.   Judgment for plaintiff.

## *Reversed.*

## *On Application for Supersedeas.*

1. REAL PROPERTY—*Contract Construed.* Property was sold under a trust deed and the debtor permitted to redeem by making certain payments within a limited time, which was later extended for twenty days. He made but one payment of $5000. *Held*, that the contract for redemption was equivalent to an option to buy real estate; that when a payment was made under it and an extension of time given on the balance, it became a contract of sale, and that time was of the essence of the option and contract as extended.

2. CONTRACT—*Forfeiture.* Forfeitures are not favored and will only be enforced when the strict letter of the contract so requires.

3. EQUITY—*Forfeiture.* Equity will not enforce a forfeiture.

4. PLEADING—*Superfluous Stricken.* After complaint, answer and reply, defendant filed what he denominated a "Further Answer and Replication." *Held,* that this pleading was superfluous and should have been stricken.

*Error to the District Court of the City and County of Denver, Hon. Clarence J. Morley, Judge.*

Mr. JOHN D. MILLIKEN, for plaintiff in error.

Mr. EDWARD L. SHANNON, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error is hereinafter referred to as "defendant" and defendant in error as "plaintiff."

Defendant having defaulted on an indebtedness due plaintiff, property conveyed by trust deed to secure payment was sold for $22,498.71, the full amount thereof. Thereafter by writing (Exhibit "A") between the parties defendant was "permitted" to redeem for $20,000.00 and have his notes cancelled and returned, provided payment was made on or before March 1, 1920. On defendant's request for additional time, and on payment in cash of one-fourth of the $20,000.00 and agreement to pay $100.00 as a "bonus," the contract was extended to March 20, 1920, as to the remaining $15,000.00. This extension was made through an agent whose authority was by telegram reading, "Time is of the essence." Defendant recorded Exhibit "A" with receipt for said $5000.00 attached, and having defaulted under the extension this action was begun April 6, 1921, to remove the cloud on plaintiff's title caused by said record. Judgment was for plaintiff, and defendant, having been denied any relief, prosecutes this writ. He claims an interest in the property to the extent of his payment and asks the issuance of a supersedeas.

Exhibit "A" conferred upon defendant a privilege but imposed no obligation. It was a mere option. It dealt with a certificate of redemption and certain evidences of in-

debtedness, but only as these related to the title to real property. It was, therefore, equivalent to an option to buy real estate. When defendant made a payment under it and purchased an extension of time on the balance it became a contract of sale.

The option was conditioned upon payment on or before a day certain. Extension agreements as to time are evidence that the parties regard time as material. If they did not here, defendant had a reasonable time after March 1, to exercise his privilege. Twenty days was reasonable. He would not pay $100.00 for what he already had. Hence, irrespective of the telegram and the authority of the agent, time was of the essence of the option and the contract as extended. Plaintiff contends that in such case payments made prior to default are forfeited. Exhibit "A" contains no forfeiture clause. Forfeitures are not favored and will only be enforced when the strict letter of the contract so requires. *Finley v. School Dist. No. 1,* 51 Mont. 411, 153 Pac. 1010, 1012.

This is an action in equity and the general rule is that equity will not enforce a forfeiture. *Craig v. Hukill,* 37 W. Va. 520, 16 S. E. 363. If plaintiff is made whole he can, in equity, demand nothing more.

Voluminous briefs are filed herein and both parties request a final decision. Plaintiff cites numerous authorities on the theory that defendant's position is the same as in an action at law by him to recover payments made on a defaulted contract. Defendant counters with authorities on the theory that time was not of the essence and that he had not defaulted. None of these cases are of material assistance and none require examination here.

After complaint, answer and reply, defendant filed what he denominates a "Further Answer and Replication." It is superfluous and should be stricken.

Defendant has never paid the $100.00 "bonus" for the extension which he actually obtained. This he must do. He must also pay damages, if any, occasioned by his default. To that end the pleadings may be amended as the

parties are advised. Plaintiff must return the $5000.00 paid, less "bonus" and damages, if any, and the cloud should be removed.

The judgment is reversed and the cause remanded for further proceedings in conformity herewith.

MR. JUSTICE TELLER sitting as Chief Justice.

MR. CHIEF JUSTICE SCOTT and MR. JUSTICE CAMPBELL not participating.