No. 10,577.

PHARES v. DON CARLOS.

Decided December 3, 1923. Rehearing denied January 7, 1924.

Action to quiet title. Judgment of dismissal.

*Reversed.*

1.   APPEAL AND ERROR—*Law of the Case.* Where a case is determined
     by the Supreme Court and remanded for further proceedings,
     the court below cannot do otherwise than follow the opinion
     announced in the appellate decision.

2.     *Undetermined Issue—Dismissal.* In an action to quiet title,
     where defendant by answer claimed an interest in the property
     involved, it was error to dismiss the action on motion of plain-
     tiff, without notice to defendant, he being entitled to have his
     claim adjudicated.

*Error to the District Court of the City and County of
Denver, Hon. Clarence J. Morley, Judge.*

Mr. JOHN D. MILLIKEN, for plaintiff in error.

Mr. EDWARD L. SHANNON, for defendant in error.

*Department Three.*

MR. JUSTICE SHEAFOR delivered the opinion of the court.

SUIT brought by defendant in error against plaintiff in
error, and the parties will be here designated as in the court
below. The action was brought to quiet title to certain real
estate in Logan county. The defendant answered, setting
up that he had an interest in the real estate to the extent of
$5,000, by virtue of a certain written agreement entered
into between plaintiff and defendant, which agreement was
attached to the answer, and made part thereof. Trial was
had to the court, findings and judgment for plaintiff, and
defendant brought the case to this court for review. The
judgment of the lower court was reversed and the case re-

manded for further proceedings. *Phares v. Don Carlos*, 71 Colo. 508, 208 Pac. 458. After the case was returned to the lower court, on motion of plaintiff, the action was dismissed without notice to defendant, following which defendant filed his motion to set aside the order of dismissal, and that as to the alleged counterclaim of defendant, the case be reinstated and proceed to trial. This motion was denied. The defendant prosecutes this writ of error.

It is objected by plaintiff that defendant's answer contained no counterclaim, and hence the plaintiff was entitled as a matter of right to dismiss his action. This is a suit in equity and the defendant, in his answer, set forth a claim which he was entitled to have adjudicated and which was adjudicated in *Phares v. Don Carlos, supra.* All the rights of the parties were there settled and determined, except the question of damages, if any, sustained by plaintiff.

The court below cannot do otherwise than follow the decision of this court as announced in the former opinion, *i. e.,* try the matter of damages, and when they are ascertained, add to them the bonus of $100, and if the amount of the damages and bonus is less than the $5000, deduct it therefrom, render judgment in favor of defendant for the balance, and decree a removal of the cloud upon payment of the judgment.

The motion to dismiss the case should have been denied, and the motion of defendant to reinstate should have been granted.

Judgment reversed and cause remanded with directions to reinstate the case and proceed in conformity to the views herein expressed.

MR. CHIEF JUSTICE TELLER and MR. JUSTICE DENISON concur.