No. 12,722.

Kern *v.* Wilson et al.

(14 P. [2d] 1014)

Decided September 26, 1932.

Messrs. Todd & Underwood, Mr. Ellett N. Shepherd, for plaintiff in error.

Mr. O. A. Johnson, for defendants in error.

*In Department.*

Mr. Justice Burke delivered the opinion of the court.

Plaintiff in error was plaintiff and defendants in error were defendants in the trial court. They are hereinafter designated as there.

Plaintiff traded four lots in Boulder and certain land, growing crops, live stock and other personal property in

Ray county, Missouri, to defendants for a Kansas City apartment house, furnished. Claiming fraud, misrepresentation and mutual mistake, plaintiff brought this suit to recover of defendants approximately $1,900, and have his judgment established as a lien against the Boulder lots, and so foreclosed.

Defendants were served personally in said Ray county. They appeared "specially" by counsel and moved to quash summons and service; (a) because of a variance between complaint and summons; (b) because the action was not in rem, hence personal service outside the state was no service. The motion was sustained, plaintiff elected to stand and the cause was dismissed at his costs. To review that judgment he brings error.

Plaintiff sets out four separate items of damages, i. e.: $1,350 for defendants' false representations that they owned furniture in the apartment house which was in fact owned by the tenants; $125.26 which he necessarily paid to discharge two liens which defendants falsely represented did not exist; $400 for defendants' misappropriation of rents which belonged to him; and $42.69, made up of two "mutual mistakes," of $32.69 and $10.00, respectively. As to the first, plaintiff says defendants made "false representations * * * with intent that it should be believed and acted upon" by reason whereof "he has been damaged." As to the second, he says, "whereby plaintiff was damaged." As to the third, he says, "defendants wrongfully retained possession" and "collected and wrongfully retained and converted to their own use certain rentals * * * whereby plaintiff has been damaged." As to the fourth, he says he "has been damaged in the sum of," etc. After setting forth these several items he refers to them as "all the foregoing items of damage," and his summons recites that the action is brought to recover the amount claimed as "damages for misrepresentation and breach of contract."

Plaintiff contends for the validity of vendor's

liens, citing *Francis v. Wells*, 2 Colo. 660; *Schiffer v. Adams*, 13 Colo. 572, 22 Pac. 964; *Fostoria Gold Mining Co. v. Hazard*, 44 Colo. 495, 99 Pac. 758; and cases from other jurisdictions. There is no doubt about the existence and validity of such liens when supported by essential facts. He contends also for the existence of actions ''in the nature of actions in rem'' which may be supported by constructive service as fully as those truly ''in rem,'' citing *Galpin v. Page*, 3 Sawy. 93, 9 Fed. Cas. 1126, No. 5206, and other authorities. In this also he is correct, the only question being, is this such a case? To demonstrate that it is, he relies principally on *Shuck v. Quackenbush*, 75 Colo. 592, 227 Pac. 1041, but that authority is not in point. In the Shuck case we sustained a creditor's bill to subject Colorado real estate standing in the name of the wife, which had been bought with funds belonging to the husband and thus juggled to defraud his creditors, to the payment of a judgment against him secured in the courts of Nebraska on personal service. Primarily the dispute there was one concerning title to real estate and plaintiffs' claim was a judgment. Here we are asked to sustain a suit for unliquidated damages for fraud, misrepresentation and misappropriation, based upon so-called personal service without the state, and having ascertained the fact of debt and the sum due, to establish it as a vendor's lien against a portion of the real estate involved in the transaction out of which the alleged torts arose, and all this on the theory that the said sum is in fact unpaid purchase money. If this is justified by any statute or any adjudicated case, that fact has not been called to our attention and is unknown to us.

■ But plaintiff says, even so, defendants made a general appearance when they raised the question of a variance between complaint and summons. We think otherwise. That a defendant cannot make his appearance ''special'' by mere assertion, that a voluntary general appearance waives all objections to summons, serv-

ice and return, and that such an appearance is made by a motion which involves the merits or raises questions of mere irregularities in the pleadings, are all fundamental. But where one, ostensibly summoned to answer in a suit for damages for misrepresentations in a horse trade, finds pending against him in lieu thereof a suit for divorce, the court has no jurisdiction of his person for the purpose of the divorce suit unless he voluntarily submits thereto. We think an appearance for the sole purpose of raising such questions may be special. 2 R. C. L., p. 327, §7; 21 R. C. L., p. 1323, §71.

The judgment is affirmed.

MR. CHIEF JUSTICE ADAMS and MR. JUSTICE HILLIARD concur.