No. 16,124.

WILEY *v*. LININGER.
(204 P. [2d] 1083)

Decided March 28, 1949.

Mr. CLARENCE L. BARTHOLIC, for plaintiff in error.

Mr. FOSTER CLINE, for defendant in error.

*En Banc.*

MR. JUSTICE MOORE delivered the opinion of the court.

PLAINTIFF in error was defendant in the trial court and defendant in error was plaintiff. We will refer to the parties as they there appeared.

On April 25, 1946, plaintiff, by written contract, agreed to sell to defendant certain ranch property in Grand County, Colorado. Defendant paid $500.00 upon execution of the contract, agreed to pay an additional $4,500.00 within thirty days, and the balance of $20,000.00 in annual instalments beginning September 15, 1946. All deferred payments drew interest at the rate of five percent. At the time of the sale by plaintiff to defendant, plaintiff's interest in the real estate was that acquired by him on April 12, 1946, upon which date, by written contract with the fee title owners, whose names were Scott, plaintiff agreed to buy, and Scotts agreed to sell, the land in question, and other property.

In September, 1946, plaintiff took title to the property described in the Scott contract and executed a mortgage thereon securing payment of the balance of the purchase price due the Scotts. Among other things the mortgage provided that plaintiff should, "Keep the buildings now or hereafter erected upon said premises insured against loss or damage by fire for the benefit of the said parties

of the second part [Scotts] * * * in a sum not less than ten thousand dollars." A similar provision, requiring plaintiff to keep the buildings insured against loss by fire was contained in the contract between the Scotts and plaintiff. The contract between plaintiff and defendant contained no provision whatever concerning the maintenance of insurance by either party. No provision was contained therein that time should be of the essence of the contract; nor was any provision inserted concerning a forfeiture or authorizing re-entry by plaintiff upon the real estate in the event of a failure on the part of defendant to perform; nor was there any provision whatever in the contract for the acceleration of payments in the event of default, or for other action in the nature of a foreclosure. Nothing was said about insurance on the property at the time the contract was signed. The defendant took possession of the property during the latter part of May, 1946. Subsequent to the execution of the contract, defendant stated that one Sunday evening at plaintiff's hotel in Grand Lake, "We happened to be talking. I asked him if he had insurance on the place and he said yes he did, and that was all that was said."

The plaintiff secured a policy of fire insurance, protecting improvements upon said real estate from loss by fire, on May 6, 1946, which said policy, by its terms, expired one year from the date of its issuance. The plaintiff was the beneficiary named in said policy. The representative of the insurance company testified that he notified the plaintiff by mail in advance of the expiration of the policy, but plaintiff claims he did not at any time receive any notice thereof, and the insurance policy was permitted to lapse.

On June 1, 1947, a fire occurred on the property, which partially or wholly destroyed some of the more valuable improvements thereon. The defendant had made all payments required of him under the terms of

the contract up to the date of the fire, but did not make the payment of $3,000.00 due on September 15, 1947. He contends that through the wilful carelessness and neglect of plaintiff the insurance policy lapsed; that the plaintiff did not advise defendant that the policy was about to expire; that plaintiff was under duty and obligation either to maintain the policy in full force and effect or to notify defendant of the expiration thereof in order that he might secure protection against loss by fire; and that by reason thereof defendant had suffered damage and was entitled to credit upon said contract in the amount of the loss caused by the fire.

The plaintiff in his complaint set forth the contract above mentioned; alleged the nonpayment of the $3,000.00 due September 15, 1947; and further alleged that there remained due on the total purchase price of $25,000.00 the sum of $17,500.00. The prayer in plaintiff's complaint was, first: "For a foreclosure decree against the defendant, of said property; second, that said property be sold in accordance with the statutes of Colorado and the proceeds thereof applied to the amount due to the plaintiff as per said contract, together with interest and costs, and that the balance above said amount, if any, be paid to the defendant; and for such other and further relief as to the court may seem just and proper and for costs."

The trial was to the court without a jury, and at the conclusion thereof the court found the issues in favor of plaintiff and against defendant, and entered judgment for plaintiff in the sum of $3,000.00, and interest in the further sum of $1,305.30. It was further ordered by the court that: "Defendant may have a period of six months from date hereof within which time to pay into the registry of this court the sum of $4,305.30 for the use and benefit of the plaintiff herein. In the event of the failure and refusal of the defendant to make said payment as above mentioned, or to make prompt payment

of the remaining payments required to be made by the defendant in accordance with the terms of said agreement, then, and in either event, the plaintiff may petition this court for such other and further orders as may be meet and proper in the premises." To review this judgment defendant brings the case here by writ of error.

## Questions to be Determined.

First: *Did the trial court err in finding that the plaintiff vendor was under no legal obligation to maintain fire insurance protection upon the improvements on the real estate in question, and in further finding that plaintiff was not legally required to notify the defendant concerning the impending expiration of said insurance policy or that the same had expired?*

Under the facts here present plaintiff and defendant each had insurable interests in the improvements on the real estate in question, and neither party by express contract obligated himself to provide insurance protection for the benefit of the other. We have carefully read the reporter's transcript of the evidence, and there is nothing in the testimony to indicate that defendant had any knowledge concerning the contractual duty of plaintiff to carry fire insurance for the protection of Scotts. It is clear that defendant had no knowledge concerning the insurance provisions of the Scott contract or the Scott mortgage until after the fire, and consequently he could not have relied upon these provisions in executing the contract to purchase said real estate.

Defendant testified that after he had taken possession of the property, he had a conversation with plaintiff concerning the existence of insurance. The entire testimony of defendant in this connection was: "We happened to be talking; I asked him if he had insurance on the place and he said, yes, he did. And that was all that was said." On cross-examination of the plaintiff he was asked whether he ever discussed the question

of insurance with defendant and he answered, "Not until after the fire." This evidence, considered in connection with plaintiff's obligation to maintain insurance for the benefit of the Scotts, gave rise to no legal duty to carry fire insurance for the protection of defendant.

The generally accepted rule is well stated in 55 American Jurisprudence, page 823, section 402, as follows: "* * * After the making of a contract for the sale of land, both the vendor who has the legal title until the conveyance is made and the vendee who is from the time of the making of the contract regarded as the equitable owner have insurable interests in the land, and may take out property insurance to protect themselves from loss consequent upon injury to or destruction of the property. In the absence, however, of anything in the contract for the sale of the land, imposing upon either the vendor or the vendee an obligation to take out insurance for the benefit of the other, no such obligation will be implied. As between the parties the vendor is under no implied obligation to take out insurance for the benefit of the purchaser or to keep existing insurance alive for his benefit. Nor is the purchaser under any obligation to insure for the benefit of the vendor unless so required by the contract." This rule is here applicable. While there is some authority to the contrary, the majority rule seems to be that the vendee under a contract for the sale of land, being regarded as the equitable owner, assumes the risk of destruction of or injury to the property where he is in possession, and the destruction or loss involved is not proximately caused by the negligence of the vendor. (See, annotation at 101 A.L.R., page 1241.) We adopt this majority rule. It follows, therefore, that plaintiff was under no legal obligation to carry fire protection for defendant's benefit, nor was plaintiff obligated to inform defendant concerning the expiration, or impending expiration, of an insurance policy which he thereto-

fore maintained for his own protection or that of the Scotts.

Second: *Did the trial court err in awarding judgment in favor of the plaintiff for the amount of the delinquent payment plus interest, and in providing a period of six months from the date of judgment within which defendant should pay the amount thereof?*

Defendant's counsel argues that the judgment of the trial court amounted to a decree of foreclosure against him, and contends that, since time was not made of the essence of the contract, plaintiff's only remedy is a suit at law for the amount due, and that since the contract contains no provision for foreclosure, no foreclosure could properly be ordered by the court. It is further argued by counsel, that the judgment of the trial court amounts to a forfeiture of the amount paid by the defendant, and, in the absence of a provision in the contract authorizing such forfeiture, none can rightfully be adjudged.

We have held that the vendor of land has an equitable lien upon the land sold for the unpaid portion of the purchase price of that particular land. *Fostoria G. M. Co. v. Hazard,* 44 Colo. 495, 99 Pac. 758; *Mihoover v. Walker,* 63 Colo. 22, 164 Pac. 504. The lien is impressed upon the equitable estate of the purchaser which is created by the terms of the executory contract. (Pomeroy's Equity Jurisprudence [5th ed.] vol. 4, section 1260). This equitable lien exists as a matter of law as between the parties to a contract whether or not express provisions of the agreement make any reference to the existence thereof. The manner of enforcement of such a lien is defined by Pomeroy in his work on Equity Jurisprudence (5th ed.) vol. 4, at page 772, section 1262, as follows: "The equity action to enforce the so-called lien is simply an action to compel the vendee to make payment of the purchase price within a specified time, or else be barred of all rights under

the contract,—that is, an action to foreclose the contract."

In the case of *Rocky Mountain Gold Mines, Inc. v. Gold, Silver and Tungsten, Inc.,* 104 Colo. 478, 93 P. (2d) 973, a forfeiture was sought by plaintiffs, and equitable defenses were interposed. We there directed the trial court to enter a decree granting the contract purchaser six months within which to pay the amount the court had adjudged requisite for full compliance with the contract. The procedure directed in the case last cited was again approved by us in the case of *Cavos v. Geihsler,* 109 Colo. 163, 123 P. (2d) 822. In the case at bar the trial court seems to have followed the two authorities last above mentioned and by its judgment directed the payment of the amount of the judgment within six months from the date of the entry thereof. The contention of defendant that the judgment of the trial court worked a "forfeiture" is untenable for the reason that the judgment itself made provision, in effect, for a redemption period of six months, and the trial court retained jurisdiction to enter a further order in the event defendant did not pay the amount found to be due the plaintiff within the six months' period provided for such payment. Accordingly, the trial court entered no final judgment upon the question of the alleged forfeiture or foreclosure. It ordered that: "In the event of the failure and refusal of the defendant to make said payment as above mentioned, or to make prompt payment of the remaining payments required to be made by the defendant in accordance with the terms of said agreement, then, and in either event, the plaintiff may petition this court for such other and further orders as may be meet and proper in the premises."

Until the court enters a final judgment following the default of defendant after the expiration of the six months' period for which provision is made, there is no final decree of foreclosure or forfeiture which is subject to review by this court. We cannot assume that the

defendant will take exception to the final order which the trial court expressly retains jurisdiction to enter, nor can we anticipate what that order will be.

██ ██ If and when such final order is entered, the court will take into consideration the fact that $7,500.00 has been paid by the defendant to the plaintiff. Under the authority of *Phares v. Don Carlos*, 71 Colo. 508, 208 Pac. 458, plaintiff vendor is not entitled to a forfeiture of the whole investment of defendant. In the case last cited, which involved similar circumstances, we stated: "If plaintiff is made whole he can, in equity, demand nothing more." We also stated: "Forfeitures are not favored and will only be enforced when the strict letter of the contract so requires." It follows, therefore, that the plaintiff, upon final consideration, is only entitled to such damages as he may be able to prove.

The trial court found that there was $4,305.30 due the plaintiff under the terms of said contract and entered "judgment" for said sum. Such a judgment under the terms of the contract in the instant case is not consistent with the theory of foreclosure upon which plaintiff brought this action. While the court correctly determined the amount due and rightly provided a reasonable time within which payment of said amount should be made by defendant to avoid foreclosure, it was error to enter judgment for the sum due since equity might require a different final solution, due to the substantial sum theretofore paid by the defendant, and since there was no provision for forfeiture under the terms of the contract. The trial court might well have concluded the entire controversy and determined the equities and rights of the parties in the event defendant did not pay the sum due, and thereby have avoided a further hearing with regard thereto. It follows, therefore, that the entry of judgment in favor of the plaintiff and against the defendant in the sum of $4,305.30 was erroneous.

Judgment modified, and cause remanded with instruc-

tions to proceed in harmony with the views herein expressed.

MR. CHIEF JUSTICE HILLIARD dissents.