No. 16,755.

SANDERS ET AL. *v.* GOMEZ ET AL.

(255 P. [2d] 972)

Decided March 30, 1953.

Messrs. KOPERLIK & ALTMAN, for plaintiffs in error.

Messrs. BELLINGER & FARICY, for defendants in error.

*En Banc.*

292

MR. JUSTICE MOORE delivered the opinion of the court.

We will herein refer to the parties by name. J. W. and Ella Sanders instituted the action and sought a decree awarding possession of, and quieting title to, three lots in the city of Pueblo. Mr. and Mrs. Gomez were in possession of said lots, or the major portion thereof, and claimed title and right of possession as grantees in a deed executed and delivered to them by one Josephine C. Parker in March, 1947. The Sanders based their claim upon the allegation of adverse possession for a continuous period of more than eighteen years beginning March 15, 1922.

Defendants, Mr. and Mrs. Gomez, are the record title owners of the lots in question and have been residing upon a portion of the property in dispute since the date of their deed, for which they paid the sum of $1,500.00. In their answer they denied that the Sanders had any interest in the lots by adverse possession or otherwise.

It was shown by the evidence that Ella Sanders, one of the plaintiffs, had erected a fence which included within the inclosure created thereby a portion of the three lots in question. The trial court held, as a matter of law under the evidence, that the portion of the property included within the fence was the property of Ella Sanders. No cross error is assigned upon this ruling of the court. The question as to whether Ella Sanders acquired the ground outside the fence by adverse possession was submitted to a jury by special interrogatory as follows: "Did the plaintiff, Ella Sanders, under a claim of right, have actual, open, notorious, exclusive possession, hostile to the world, of that portion of Lots 26, 27 and 28, Block 30, Mattice's Addition, which is outside of the present Sanders fence, for a continuous period of 18 years or more?" The jury answered this question in the negative.

The action is one in equity and the verdict of the jury upon the question was advisory. The trial court

pronounced judgment in harmony with the finding of the jury and overruled the motion for a new trial filed by Ella Sanders. By so doing, the court approved the finding of the jury upon the controlling factual question.

The only question presented on this review, is whether there is competent evidence to support the judgment. The single argument advanced as ground for reversal is that Ella Sanders proved facts necessary to sustain her claim, and that defendants Gomez failed to negative that claim of ownership.

We have carefully examined the evidence, and suffice it to say that much of it is sharply conflicting. There is ample evidence to support the verdict of the jury and the judgment of the court entered in harmony therewith. "What we do say, and all that is necessary to be said, is that, since the judgment is sustained by legal and competent evidence, we cannot interfere with it." *Edwards v. Litch*, 83 Colo. 111, 262 Pac. 1016.

The judgment is affirmed.