**Nelden C. NIELSEN, Plaintiff-Appellant,**

**v.**

**J. Gordon WOODS, Defendant-Appellee.**

**No. 82CA0474.**

Colorado Court of Appeals,
Div. II.

March 8, 1984.

Rehearing Denied March 29, 1984.

Certiorari Denied Aug. 27, 1984.

Quinn, Mihalik & Wing, Timothy Quinn, Aurora, for plaintiff-appellant.

Towey, Zak & Silverman, James J. Zak, Denver, for defendant-appellee.

BABCOCK, Judge.

In this C.R.C.P. 105 action, plaintiff, Nelden C. Nielsen, Jr., appeals the adverse judgment of the trial court. Plaintiff, Linda L. Nielsen, having dissolved her marriage with Nelden C. Nielsen, claims no interest in the subject property and does not participate in this appeal. We affirm.

In July 1978, Nielsen and his wife purchased the subject property for approximately $40,000. On September 19, 1978, the Nielsens sold the property to Alan J. and Del Rae M. Merkle (Merkles) for $53,900. Conveyance was by general warranty deed, subject to the purchase money Veteran's Administration (VA) loan obtained by Nielsen which was assumed by Merkles, and subject to the following language of limitation:

> "So long as Grantees or their successors in interest refinance said property within two years from the date hereof restoring unto the said Grantors their VA loan eligibility by discharging the existing loan referred to hereinafter. The estate hereby created is a fee simple subject to a special limitation with an automatic reverter to the Grantors if said condition is not satisfied."

The deed containing this condition was duly recorded.

On August 14, 1979, the Merkles sold the property to J. Gordon Woods for the sum of $66,950. Conveyance was by general warranty deed which failed to set forth the above quoted language of limitation, but which excepted "reservations and restrictions of record, if any." This conveyance was also subject to the VA loan which was assumed by Woods. At the August 14 closing, Woods signed a separate agreement indemnifying the Nielsons from any liability upon the VA loan and agreeing to refinance the property "on or before one year from date to enable Nelden C. Nielsen to obtain his eligibility from the Veteran's Administration."

Thereafter, Woods made some effort to secure refinancing for the property. It was undisputed that the property was not refinanced by the September 19, 1980, deadline, and on June 15, 1981, plaintiffs commenced this action.

The title insurance policy purchased by Woods failed to except the language of limitation contained in the deed from the Nielsens to the Merkles. Therefore, in order to satisfy its liability under the policy, Land Title Guarantee Company, through its subsidiary, 3150 Corp., purchased the property from Woods on July 9, 1981, for the sum of $66,000. Conveyance was by warranty deed subject to the VA loan and to the language of limitation in the deed from the Nielsens to the Merkles. By stipulation of the parties, 3150 Corp. was made a party defendant to this action.

Nielsen contends that the Merkles and their subsequent grantees acquired a fee simple determinable and that their failure to refinance the property so as to restore his VA eligibility caused a reversion of the fee by operation of law. In addition, he sought money damages for loss of rents and profits to which he claims to be entitled for the period during which possession was allegedly wrongfully withheld. The defendants assert that they acquired a fee simple subject to right of entry for condition broken and that a forfeiture would be contrary to the equities of the case.

Upon the above facts found by the trial court, it determined as a matter of law that the sole purpose of the clause was to protect the VA loan eligibility of Nielsen, that Nielsen retained the right of entry for condition broken, that 3150 Corp. was ready, willing, and able to liquidate the balance of the VA loan, thus, restoring Nielsen's VA loan eligibility, and that under the equities of the case, a forfeiture should not be declared. The trial court further determined that Nielsen failed to establish damage resulting from delay in the restoration of his VA loan eligibility. Upon 3150 Corp.'s liquidation of the VA loan balance and restoration of Nielsen's VA loan eligibility, the trial court entered its decree quieting title in defendant 3150 Corp. Having failed to establish his right to possession to the premises, Nielsen's claim for damages was dismissed. We agree with the reasoning of the trial court.

*School District No. 6 v. Russell,* 156 Colo. 75, 396 P.2d 929 (1964) is determinative of the nature of the estate conveyed by Nielsens. There it is stated:

"Considerable confusion can be found in decided cases growing out of the use of specific words imposing conditions upon the use of real property. In some cases, language restricting the use of real estate has been held to create a possibility of reverter which automatically terminated the estate on the cessation of the delimited use. *Carr v. Georgia Ry.,* 74 Ga. 73. In other cases, comparable language to that employed in the case at bar has been held to create an estate upon condition subsequent giving rise to a right of entry for the breach of the condition. *Cornelius v. Irvins,* 26 N.J.L. 376."

"Illuminating language to point up the distinguishing characteristic is aptly set forth in 1 American Law of Property, section 2.6, at page 97, as follows: 'If the purpose is to compel compliance with a condition by the penalty of forfeiture, an estate on condition arises, but if the in-

tent is to give the land for a stated use, the estate to cease when that use or purpose is ended, no penalty for a breach of condition is involved, since the purpose is not to enforce performance of a condition, but to convey the property for so long as it is needed for the purpose for which it is given and no longer. Therefore, in spite of language of condition, if the prevailing purpose is to create a collateral limitation of this kind, and not to enforce a condition by threatened forfeiture, a fee on limitation results.' "

Thus, the prevailing purpose of the condition controls our determination of the nature of the interest. Here, the prevailing purpose is to compel grantees or their successors in interest to refinance the property within the specified period of two years so as to restore Nielsen's VA loan eligibility. There is no evidence of intent to create an estate to last for an indefinite time measured in terms of use or the continued existence of some thing or situation. Therefore, in spite of the language of reversion in the phrases "so long as" and "automatic reverter," and because the prevailing purpose is to compel compliance with the condition upon penalty of forfeiture, we conclude that the Nielsens conveyed a fee simple subject to a right of entry for condition broken and not a fee simple determinable.

Such a condition contains the potential to destroy an estate and thus is viewed with disfavor by the law, for to exercise the right of entry is to effect a forfeiture. *Cole v. Colorado Springs Co.*, 152 Colo. 162, 381 P.2d 13 (1963). Forfeitures, abhorrent to the law, are construed strictly. *Cole v. Colorado Springs Co., supra.* A court of equity will not, as a general rule, lend its aid to divest an estate for the breach of a condition subsequent. *Godding v. Hall*, 56 Colo. 579, 140 P. 165 (1914).

An action to quiet title is an action in equity. *Sanders v. Gomez*, 127 Colo. 291, 255 P.2d 972 (1953). A court of equity will grant relief against forfeiture of land for condition broken when the breach is not gross or willful, is for the performance of an act, *Murray v. Trustees of the Lane Seminary*, 1 Ohio 2d 236, 140 N.E.2d 577 (1956), and the thing to be done may be done afterwards so as to put the party seeking forfeiture precisely in the same situation as he would have been but for the breach. *Dunklee v. Adams*, 20 Vt. 415, 50 Am.D. 44 (1848). Thus, equity will not enforce a forfeiture if the party insisting upon it may be made whole otherwise. *See Fairview Mining Corp. v. American Mines & Smelting Co.*, 86 Colo. 77, 278 P.2d 800, 801 (1929); *Phares v. Carlos*, 71 Colo. 508, 208 P. 458 (1922). And, the granting of equitable relief rests in the sound discretion of the court. *Dunklee v. Adams, supra; Holmes v. Brooks*, 84 Conn. 512, 80 A. 773 (1911).

We conclude that there was no abuse of discretion in this case. The trial court found on supporting evidence that Woods made efforts to refinance the property and to restore Nielsen's VA eligibility to him. There was no evidence of gross neglect or willful misconduct upon the part of the Merkles or their successors in interest. The defendant, 3150 Corp., was ready, willing, and able to do and did the thing that was to be done for Nielsen by the condition. And, Nielsen failed to establish any damage flowing from the breach of condition. Hence, restoration of the VA loan eligibility to Nielsen affords him all relief to which he is entitled, renders him whole without windfall, and avoids the forfeiture.

Judgment affirmed.

BERMAN and STERNBERG, JJ., concur.